OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, plaintiffs’ motion to strike the affirmative defense of lack of personal jurisdiction should be granted, and the certified question is answered in the negative. Defendant waived the affirmative defense of lack of personal jurisdiction by making a motion under CPLR 3211 (subd [a], par 7) without including his jurisdictional objection (CPLR 3211, subd [e]). Defendant’s assertion that the motion was a nullity for purposes of this provision because, pursuant to the rules of the Supreme Court of Kings County (22 NYCRR 752.11 [d]), the failure to submit the order constituted an abandonment of the motion, is without merit. The purpose of the waiver provision of CPLR 3211 (subd [e]) is to prevent the defendant from wasting both the “court’s or the plaintiff’s time on any 3211 motion on any ground at all unless on that motion he joins his jurisdictional ground” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3211:59, p 63). The legislative purpose of this provision may not be contravened by defendant’s self-serving act of failing to enter the order. Moreover, although defendant’s waiver of personal jurisdiction was not raised at Special Term, this court may consider the question on appeal because the issue is presented on the record, was raised at the Appellate Division and is conclusive (see Cohen and Karger, Powers of the New York Court Of Appeals, § 162).
*906 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.