■ DANIEL P. LOGUE et al., Respondents, v GEORGE YOUNG et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered July 26, 1982 in Franklin County, which denied defendants' motion to dismiss the complaint. The action is one to foreclose a mortgage. Plaintiffs sold the land in question, a farm, to defendant Young. The sale price was $250,000. Young made a down payment of $50,000 and gave a mortgage to plaintiffs for the remaining $200,000. Shortly after recording the deed, Young conveyed the property without notice to plaintiffs to defendant Chateaugay Land Company (Chateaugay). Pursuant to the mortgage, the first interest payment became due on January 1, 1982. The mortgage provided that the whole of the principal sum and interest shall become due at the option of the mortgagees after default in payment of any installment of principal or interest for 30 days. There was a default of the first interest payment. By letter dated January 18, 1982, plaintiffs' attorney requested payment. Failing to receive payment, plaintiffs, on March 24, 1982, commenced the instant action. The following day and twice thereafter payment was tendered by defendant Young and refused. Defendant Young moved to dismiss the complaint for failure to state a cause of action on the grounds, *inter alia,* of tender, and nonjoinder of Cattle Investors, Inc., a second mortgagee. Special Term denied the motion and added Cattle Investors, Inc., as a defendant. This appeal ensued. While it was necessary for plaintiffs to manifest an optional election, this was accomplished by the service of the complaint wherein it clearly set forth an election to accelerate the mortgage debt (*Albertina Realty Co. v Rosbro Realty Co.,* 258 NY 472; 14 Carmody-Wait 2d, NY Prac, § 92.38). The complaint listed all the plaintiffs and it was unnecessary that it be verified as urged by defendants. Although a default may be excused where it is inadvertent and for a brief period and a small amount (*Domus Realty Cop. v 3440 Realty Co.,* 179 Misc 749, affd 266 App Div 725), the default here was for some 80 days and defendant Young failed to establish that it was inadvertent. Furthermore, defendants have failed to demonstrate bad faith or unconscionable conduct on the part of plaintiffs. We have examined all the remaining contentions urged by defendants and find they lack merit. There should be an affirmance. Order affirmed, without costs. Sweeney, J. P., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.