■ SUSAN KELLY, Appellant, v CITY OF NEW YORK, Respon-

dent.—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated December 7, 1984, as, upon reargument, adhered to its prior determination denying her motion for partial summary judgment on the issue of her compliance with General Municipal Law § 50-e.

Order affirmed, insofar as appealed from, with costs.

The defendant's answer, dated November 22, 1978, admits that the plaintiff complied with General Municipal Law § 50-e by serving the City of New York with a timely notice of claim. This admission was allegedly made in reliance upon an affidavit of service furnished by the plaintiff to the defendant as proof of timely service. The case proceeded through discovery, was placed on the Trial Calendar, and resulted in a settlement agreement. By letter dated June 3, 1982, the defendant informed the plaintiff that it would not settle since the Comptroller's office had no record of being served with a notice of claim. In its affirmation in opposition to the plaintiff's motion for summary judgment on the issue of compliance with General Municipal Law § 50-e, the defendant presented an affidavit from the plaintiff's alleged process server stating that the signature on the affidavit of service furnished by the plaintiff to defendant was not his, and that he had never served the corresponding notice of claim upon the defendant.

Special Term held that the process server's affidavit, disputing the validity of the affidavit of service furnished by the plaintiff, raised issues of fact which precluded a summary determination. Upon reargument, Special Term adhered to its prior determination.

Although the defendant's answer failed to plead a defense of lack of notice and the defendant did not move to amend its answer, Special Term did not err in considering the evidence presented by the defendant in support of a defense of failure to comply with General Municipal Law § 50-e (see, Curry v MacKenzie, 239 NY 267; Rizzi v Sussman, 9 AD2d 961). Similarly, because the record does not establish that the plaintiff lacked knowledge or the means to obtain knowledge of the truth as to the facts comprising that defense, further exploration of facts at trial is required (see, Quaglia v Incorporated Vil. of Munsey Park, 54 AD2d 434, affd 44 NY2d 772). Thompson, J. P., Bracken, Weinstein and Eiber, JJ., concur.