■ ROBERT F. ADSIT, Respondent, v QUANTUM CHEMICAL CORPORATION, Appellant. [605 NYS2d 788] —Mercure, J. Appeal from an order of the Supreme Court (Connor, J.), entered January 4, 1993 in Ulster County, which, *inter alia,* granted plaintiff's motion for summary judgment.

In May 1979, Onteora LP-Gas Service, Inc. contracted to and did sell its assets to Suburban Propane Gas Corporation. Clause 8 (g) of the contract between Onteora and Suburban provided: "It is an essential term of this agreement that [plaintiff (Onteora's president and sole shareholder)] will be employed by the purchaser for a period of at least five (5) years at a salary and benefits commensurate with his twenty-two years of experience in the business." Plaintiff was employed by Suburban and defendant, Suburban's successor in interest, from 1979 until his retirement in 1990, at which time a dispute arose concerning plaintiff's pension benefits. Specifically, it was plaintiff's position that his benefits should be based upon a total of 33 years of service, including the 22 years preceding the sale of Onteora's assets to Suburban. Suburban's posture was that its agreement with Onteora did not obligate it to recognize plaintiff's prior service for the purpose of pension benefits. Plaintiff subsequently commenced this action for a declaration and order that defendant compute

his pension benefits based on 32 years and seven months of service, effective retroactively to July 1, 1990. Following joinder of issue, plaintiff moved for summary judgment; defendant cross-moved for summary judgment dismissing the complaint upon the ground that the claim was covered by the Employee Retirement Income Security Act of 1974 (hereinafter ERISA) (29 USC § 1001 *et seq.),* which preempts State laws, and that plaintiff's exclusive remedy was a claim against the pension plan, a legal entity separate from defendant. Supreme Court granted plaintiff's motion and denied defendant's cross motion. Defendant appeals.

We reverse. As a preliminary matter, although the claim of ERISA preemption should have been pleaded as an affirmative defense *(see,* CPLR 3018 [b]), the waiver that would otherwise have resulted from this failure was retracted by assertion of the defense in connection with the summary judgment motions *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:10, at 318). Moreover, in Supreme Court plaintiff opposed defendant's motion for summary judgment on the merits and did not contend that the defense of ERISA preemption had been waived by failure to plead it in the answer. Plaintiff may not raise the issue for the first time on appeal.

Turning to the merits, we note that the preemption clause of ERISA, providing that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" (29 USC § 1144 [a]), is " 'one of the broadest preemption clauses ever enacted' " *(Matter of Morgan Guar. Trust Co. v Tax Appeals Tribunal,* 80 NY2d 44, 49, quoting *Evans v Safeco Life Ins. Co.,* 916 F2d 1437, 1439). Significantly, "State law" is defined as including "all laws, decisions, rules, regulations, or other State action having the effect of law" (29 USC § 1144 [c] [1]) and "[a] law 'relates to' an employee benefit plan * * * if it has a connection with or reference to such a plan" *(Shaw v Delta Air Lines,* 463 US 85, 96-97). Here, plaintiff's complaint seeks an order and declaration that payment of pension benefits be based upon a greater number of years of service, a remedy directly implicating the plan. Moreover, even if we were to accept plaintiff's interpretation of the complaint as seeking only money damages for the decrease in pension benefits resulting from defendant's breach of the 1979 contract, the result would be no different. Because the existence of the pension plan would be a critical factor in establishing the extent of defendant's liability, the cause of action relates to the plan *(see, Ingersoll-Rand Co. v*

*McClendon,* 498 US 133, 139-140; *Sanson v General Motors Corp.,* 966 F2d 618, 621, *cert denied* — US —, 113 S Ct 1578; *Smith v Dunham-Bush, Inc.,* 959 F2d 6, 10; *Nalezenec v Blue Cross,* 191 AD2d 982).

Weiss, P. J., Mikoll, Cardona and Mahoney, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied, cross motion granted, summary judgment awarded to defendant and complaint dismissed.