■■■ SECURED EQUITIES INVESTMENTS, INC., Respondent, v ORA LEE MCFARLAND et al., Appellants, et al., Defendants. [753 NYS2d 264] —Appeal from an order of Supreme Court, Monroe County (Galloway, J.), entered September 4, 2001, which granted that part of plaintiff's motion seeking reargument and, upon reargument, denied the cross motion of defendants Ora Lee McFarland and George L. Wheeler, thereby reinstating the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion of defendants Ora Lee McFarland and George L. Wheeler and dismissing the complaint against them and as modified the order is affirmed without costs.

Memorandum: Supreme Court initially denied plaintiff's motion for summary judgment and granted the cross motion of Ora Lee McFarland and George L. Wheeler (defendants) for summary judgment dismissing the complaint against them as barred by the statute of limitations but thereafter granted that part of plaintiff's motion seeking reargument. Upon reargument, the court denied the cross motion of defendants, thereby reinstating the complaint against them. We agree with defendants that the court erred in denying their cross motion upon reargument.

On April 22, 1986, defendants executed a mortgage in favor of Freedlander, Inc., The Mortgage People, plaintiff's remote predecessor in interest, to secure a mortgage note. The mortgage recites that payments are to be made on a monthly basis, with payment in full due by April 28, 2001. The mortgage further recites that the mortgagee may accelerate the payment in full upon the default of the mortgagors only after sending the mortgagors a notice containing six specific points of information, advising of the default, and affording the mortgagors

30 days in which to cure the default. On July 11, 1989, North Carolina National Bank (NCNB), which had been assigned the mortgage, commenced a foreclosure action against defendants seeking $21,141.41 plus interest from March 28, 1988. The complaint in that action incorrectly alleged, inter alia, that the mortgage provided for acceleration by the mortgagee upon a 30-day default on an installment payment. Defendants defaulted in that action and NCNB obtained a default judgment of foreclosure and sale. The judgment was subsequently vacated and the complaint dismissed, however, based on NCNB's failure to seek entry of the default judgment in a timely manner (*see* CPLR 3215 [c]).

NCNB thereafter assigned the mortgage to plaintiff, which commenced the instant action on August 26, 1998. We agree with defendants that this action against them is barred by the statute of limitations and that the court therefore erred in denying their cross motion upon reargument. Defendants met their initial burden by establishing that plaintiff's predecessor in interest deemed the mortgage accelerated, foreclosed on the property, and obtained a default judgment (*see generally Arbisser v Gelbelman*, 286 AD2d 693, 694, *lv denied* 97 NY2d 612; *Logue v Young*, 94 AD2d 827; *see also Albertina Realty Co. v Rosbro Realty Corp.*, 258 NY 472). Plaintiff failed to submit evidence in admissible form, either initially or on reargument, to support its contention that the action commenced in 1989 was a nullity because there had been no proper acceleration of the mortgage and that the statute of limitations therefore had never begun to run. Thus, defendants established as a matter of law that the six-year statute of limitations had run by July 11, 1995 (*see* CPLR 213 [4]), and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Contrary to the conclusion of the court, we conclude that the action is further barred by the doctrine of judicial estoppel. The doctrine of judicial estoppel, also known as the "doctrine of estoppel against inconsistent positions[,] * * * precludes a party from framing his pleadings in a manner inconsistent with a position taken in a prior judicial proceeding" (*Kimco of N.Y. v Devon*, 163 AD2d 573, 574; *see Houghton v Thomas,* 220 App Div 415, 423, *affd* 248 NY 523; *Donovan Leisure Newton & Irvine v Zion*, 168 AD2d 373, 374, *lv dismissed* 78 NY2d 908, *rearg denied* 78 NY2d 1008; *see also Piedra v Vanover*, 174 AD2d 191, 197; *Greven v Muir*, 128 AD2d 753, 754). Here, plaintiff's predecessor in interest secured a default judgment in its favor by adopting the position that it had properly acceler-

ated the mortgage in the 1989 action. Plaintiff is therefore estopped in this action from adopting a contrary position, i.e., that there was never a proper acceleration of the mortgage, for purposes of avoiding the statute of limitations. We therefore modify the order by granting the cross motion of defendants and dismissing the complaint against them. Present—Hayes, J.P., Wisner, Hurlbutt, Scudder and Gorski, JJ.