Matter of Barbeau v Village of LeRoy (2020 NY Slip Op 01732)





Matter of Barbeau v Village of LeRoy


2020 NY Slip Op 01732


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


13 CA 19-00258

[*1]IN THE MATTER OF STEPHEN BARBEAU, EARL BICKETT, ROBERT BOYCE, JOSEPH MCKAY, STEPHEN MOULTON AND RONALD PAGANIN, PETITIONERS-PLAINTIFFS-APPELLANTS,
v
VILLAGE OF LEROY, CIRCULAR HILL, INC., PETER MCQUILLEN, JUDITH MCQUILLEN, RESPONDENTS-DEFENDANTS-RESPONDENTS, AND HON. MICHELLE KRZEMIEN, IN HER CAPACITY AS JUSTICE OF THE TOWN OF DARIEN, RESPONDENT-DEFENDANT. 






KNAUF SHAW LLP, ROCHESTER (AMY K. KENDALL OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-APPELLANTS.
DADD, NELSON, WILKINSON & WUJCIK, ATTICA (JAMES M. WUJCIK OF COUNSEL), FOR RESPONDENT-DEFENDANT-RESPONDENT VILLAGE OF LEROY.
BONARIGO & MCCUTCHEON, BATAVIA (KRISTIE L. DEFREZE OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS CIRCULAR HILL, INC., PETER MCQUILLEN AND JUDITH MCQUILLEN.


 Appeal from a judgment (denominated order) of the Supreme Court, Genesee County (Emilio L. Colaiacovo, J.), entered January 14, 2019 in a CPLR article 78 proceeding and a declaratory judgment action. The judgment, inter alia, dismissed the petition-complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the cross motion in part and reinstating the second and third causes of action against respondents-defendants Circular Hill, Inc., Peter McQuillen and Judith McQuillen, and as modified the judgment is affirmed without costs.
Memorandum: Petitioners-plaintiffs (petitioners) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, enforcement of a 2014 decision of the Village of LeRoy Zoning Board of Appeals (ZBA) and certain provisions of the Village of LeRoy Zoning Law, which allegedly prohibit respondents-defendants Peter McQuillen and Judith McQuillen from accessing their Robbins Road property via a driveway on property owned by respondent-defendant Circular Hill, Inc. located on Fillmore Street (Circular Hill driveway). The 2014 decision provided, in pertinent part, that the McQuillens' "right of entry to the primary and accessory structure will be accessed through Robbins Road, LeRoy, New York only" (emphasis added). Judith McQuillen is the president of Circular Hill, Inc., which had granted the McQuillens an easement to use the Circular Hill driveway to access the Robbins Road property before the 2014 decision was entered. In 2016, the McQuillens sought an interpretation or clarification of the 2014 decision and, in December 2016, the ZBA issued a decision stating that it lacked jurisdiction to address that application.
After the McQuillens allegedly continued to access their Robbins Road property via the Circular Hill driveway, respondent-defendant Village of LeRoy (Village) filed an information charging Peter McQuillen with violating the December 2016 decision. That information was dismissed by respondent-defendant Hon. Michelle Krzemien (Town Justice), and the Village did [*2]not appeal.
Following that dismissal, petitioners commenced this proceeding-action and, in the first cause of action in the petition-complaint (petition), they sought to annul the decision of the Town Justice. The second and third causes of action were for nuisance and injunctive relief. The Town Justice moved for summary judgment dismissing the only cause of action asserted against her, i.e., the first cause of action. The McQuillens and Circular Hill, Inc. (collectively, McQuillen respondents) cross-moved for summary judgment "dismissing the Article 78 proceeding against them." They contended that petitioners were "attempting to improperly have the Supreme Court review [the Town Justice's] dismissal of the criminal charges against [Peter] McQuillen." Despite limiting their contentions to issues related to the CPLR article 78 cause of action, the McQuillen respondents sought summary judgment dismissing the entire petition against them, including the nuisance and injunctive relief causes of action. Petitioners thereafter moved for summary judgment on the petition.
Supreme Court denied petitioners' motion, granted the motion of the Town Justice and the cross motion of the McQuillen respondents, and dismissed the petition in its entirety. On appeal, petitioners challenge the denial of their motion and the grant of the cross motion only with respect to the second and third causes of action, i.e., the causes of action for nuisance and to enjoin the continued zoning violations. We agree with petitioners that the court erred in granting those parts of the cross motion seeking summary judgment dismissing those causes of action, and we therefore modify the judgment accordingly.
The Town Justice's motion and the McQuillen respondents' cross motion addressed standing only insofar as it concerned the first cause of action, i.e., the CPLR article 78 cause of action. In other words, the issue of standing was not raised with respect to the second and third causes of action. By granting the cross motion and dismissing the petition in its entirety, however, the court effectively dismissed the second and third causes of action based on its determination that petitioners lacked standing to pursue the first cause of action.
We thus conclude that the court erred in sua sponte reaching the issue of standing with respect to the second and third causes of action (see Matter of Associated Gen. Contrs. of NYS, LLC v New York State Thruway Auth., 159 AD3d 1560, 1560 [4th Dept 2018]). Standing "is an aspect of justiciability which, when challenged, must be considered at the outset of any litigation" (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769 [1991] [emphasis added]). Inasmuch as the McQuillen respondents' cross motion with respect to the second and third causes of action was not based on petitioners' alleged lack of standing, there was no basis for the court to reach that issue.
Although petitioners further contend that the McQuillen respondents should be judicially estopped from challenging the validity of the 2014 ZBA decision insofar as it concerns their use of the Circular Hill driveway (see generally Secured Equities Invs. v McFarland, 300 AD2d 1137, 1138 [4th Dept 2002]), it is premature for us to determine that evidentiary issue at this juncture.
We reject petitioners' contention that they are entitled to summary judgment on the second and third causes of action. They failed to establish their entitlement to judgment as a matter of law on those causes of action (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Finally, contrary to the McQuillen respondents' proffered alternative ground for affirmance (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]), we conclude that there are triable issues of fact that also preclude granting them summary judgment on those causes of action.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court