GMAC Mtge., LLC v Coombs (2020 NY Slip Op 07039)





GMAC Mtge., LLC v Coombs


2020 NY Slip Op 07039


Decided on November 25, 2020


Appellate Division, Second Department


Miller, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-08030
 (Index No. 29971/08)

[*1]GMAC Mortgage, LLC, respondent,
v
Winsome Coombs, appellant, et al., defendants.



APPEAL by the defendant Winsome Coombs, in an action to foreclose a mortgage, from an order of the Supreme Court (Noach Dear, J.), dated June 19, 2017, and entered in Kings County. The order granted the plaintiff's motion for leave to reargue its prior motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant, which had been denied in an order of the same court (Yvonne Lewis, J.) dated December 18, 2013, and upon reargument, in effect, vacated the determination in the order dated December 18, 2013, denying the plaintiff's prior motion, and thereupon granted the prior motion.



Chidi Eze, Brooklyn, NY, for appellant.
Ras Boriskin, LLC, Westbury, NY, for respondent.



MILLER, J.


OPINION & ORDER
This appeal requires us to address a new statute, RPAPL 1302-a (as added by L 2019, ch 739, § 1), and consider its impact on the affirmative defense of lack of standing and the operation of the waiver provisions contained in CPLR 3211(e). We conclude that, in this case, the Supreme Court should have permitted the defendant to raise the affirmative defense of lack of standing and to amend his answer to include that defense, even though he failed to affirmatively plead it in his answer. However, since the plaintiff nevertheless established its entitlement to summary judgment on the issue of standing and on the complaint, we affirm the order appealed from.
In February 2007, the defendant Winsome Coombs (hereinafter the defendant) executed a note in the sum of $419,225 in favor of Quicken Loans, Inc. The note was secured by a mortgage on residential property in Brooklyn. In November 2008, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed a verified answer, but did not assert that the plaintiff lacked standing to commence this action.
In October 2012, the defendant moved to dismiss the complaint, inter alia, on the ground that the plaintiff lacked standing to commence this action. The plaintiff separately moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant.
In an order dated December 18, 2013, the Supreme Court denied the defendant's motion and the plaintiff's motion. The plaintiff subsequently moved for leave to reargue its prior motion. The defendant opposed the plaintiff's motion for leave to reargue, contending, among other things, that the plaintiff lacked standing to commence this action.
In an order dated June 19, 2017, the Supreme Court granted the plaintiff's motion for leave to reargue and, upon reargument, granted the plaintiff's prior motion. The court did not [*2]address the merits of the standing defense that had been raised by the defendant in opposition to the plaintiff's motion for leave to reargue, finding that the defense had been waived by the defendant's failure to include it in the verified answer. The defendant appeals from the order dated June 19, 2017. We affirm.
"CPLR 3018, which governs responsive pleadings, draws a distinction between denials and affirmative defenses" (US Bank N.A. v Nelson, 169 AD3d 110, 113). "Denials generally relate to allegations setting forth the essential elements that must be proved in order to sustain the particular cause of action" and "[t]hus, a mere denial of one or more elements of the cause of action will suffice to place them in issue" (id. at 113).
Conversely, a defendant must plead, as an affirmative defense, "all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading" (CPLR 3018[b]; see US Bank N.A. v Nelson, 169 AD3d at 113). Accordingly, where a defendant seeks to inject into the litigation "matters [that] are not the plaintiff's burden to prove as part of the cause of action," those matters must be affirmatively pleaded as defenses (Siegel & Connors, NY Prac § 223 [6th ed July 2020 Update]; see CPLR 3014; US Bank N.A. v Nelson, 169 AD3d at 113; see also 5 Weinstein-Korn-Miller, NY Civ Prac: CPLR ¶ 3018.02).
"Failure to plead a defense that must be pleaded affirmatively under CPLR 3018(b) is a waiver of that defense, unless it is raised by a motion under CPLR 3211(a)" (5 Weinstein-Korn-Miller, NY Civ Prac: CPLR ¶ 3018.18; see Munson v New York Seed Improvement Coop., 64 NY2d 985, 986-987; DeLuca v Pecoraro, 109 AD3d 636, 637; Rooney v Slomowitz, 11 AD3d 864, 867; Counties of Warren & Washington Indus. Dev. Agency v Boychuck, 109 AD2d 1024, 1026; De Lisa v Amica Mut. Ins. Co., 59 AD2d 380, 382; A. A. Sutain, Ltd. v Montgomery Ward & Co., 22 AD2d 607, 609-610, affd 17 NY2d 776). However, "[s]uch a waiver can be retracted by amendment of the answer" so as to include the omitted defense (Surlak v Surlak, 95 AD2d 371, 383; see CPLR 3025; cf. Furlo v Cheek, 20 AD2d 939, 940; see generally 5 Weinstein-Korn-Miller, NY Civ Prac: CPLR ¶ 3018.18).
If a defendant fails to amend the answer within the time prescribed by CPLR 3025(a), the defendant may amend the answer to include a new defense pursuant to CPLR 3025(b) "at any time by leave of court or by stipulation of all parties" (CPLR 3025[b]). The statute directs that "[l]eave shall be freely given upon such terms as may be just including the granting of costs and continuances" (CPLR 3025[b]; see Murray v City of New York, 43 NY2d 400, 404-406).
CPLR 3211(e), however, places important limitations on a defendant's ability to retract a waiver of certain affirmative defenses through the amendment of an answer pursuant to CPLR 3025(b) (see generally Siegel, NY Prac § 275 at 473 [5th ed]). Although this subdivision uses the same term — "waived" —in three separate sentences, the various types of waivers occasioned by CPLR 3211(e) are not uniformly applied. Indeed, as the case law illustrates, the effect of such a waiver may vary depending on the nature of the defense that was waived.
For example, CPLR 3211(e) provides that
"[a]n objection based upon a ground specified in [CPLR 3211(a)(8) or (9)] is waived if a party moves on any of the grounds set forth in [CPLR 3211(a)] without raising such objection or if, having made no objection under [CPLR 3211(a)], he or she does not raise such objection in the responsive pleading."
CPLR 3211(a)(8) and (9) include defenses relating to personal and in rem jurisdiction.
The Court of Appeals has held that once a jurisdictional defense listed in CPLR 3211(a)(8) or (9) has been "waived" under CPLR 3211(e), the resulting waiver may not be retracted through subsequent amendment to the answer pursuant to CPLR 3025(b) (see Addesso v Shemtob, 70 NY2d 689, 690; Boulay v Olympic Flame, 165 AD2d 191, 194; cf. Iacovangelo v Shepherd, 5 NY3d 184, 186; Ficorp, Ltd. v Gourian, 263 AD2d 392, 392-393). Accordingly, "[w]hile permission to amend an answer is to be freely given pursuant to CPLR 3025(b), the waiver of a jurisdictional defense [listed in CPLR 3211(a)(8) or (9)] cannot be nullified by a subsequent amendment to a pleading adding the missing affirmative defense" (McGowan v Hoffmeister, 15 AD3d 297, 297; see Addesso v Shemtob, 70 NY2d at 690).
The "objections of personal or [in] rem jurisdiction . . . are deemed so fundamental" that they are irretrievably waived if the defendant makes a motion pursuant to CPLR 3211(a) without [*3]raising those threshold jurisdictional defenses (Siegel & Connors, NY Prac § 274 [6th ed]; see CPLR 3211[e]; Competello v Giordano, 51 NY2d 904, 905). Indeed, "[t]he purpose of [this] waiver provision of [CPLR 3211(e)] is to prevent the defendant from wasting both the 'court's or the plaintiff's time on any 3211 motion on any ground at all unless on that motion [she or] he joins [those] jurisdictional [defenses]'" (Competello v Giordano, 51 NY2d at 905, quoting David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:59 at 63). The purpose underlying that provision would obviously be frustrated if a defendant could retract a waiver of these jurisdictional defenses "at any time" by amending its answer to include them (CPLR 3025[b]).
Similarly, another provision of CPLR 3211(e) provides that
"an objection that the summons and complaint . . . was not properly served is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship"
(cf. Goldenberg v Westchester County Health Care Corp., 16 NY3d 323, 327). The purpose of the 1996 amendment to CPLR 3211(e), which added the 60-day time limit, was "'to require a party with a genuine objection to service to deal with the issue promptly and at the outset of the action . . . ferret out unjustified objections and . . . provide for the prompt resolution of those that have merit'" (Wade v Byung Yang Kim, 250 AD2d 323, 325, quoting Senate Introducer's Mem in Support, Bill Jacket, L 1996, ch 501 at 5; see U.S. Bank N.A. v Roque, 172 AD3d 948, 951; Deutsche Bank Natl. Trust Co. v Acevedo, 157 AD3d 859, 861).
In contrast to the two provisions noted above, a third waiver provision contained in CPLR 3211(e) provides that "[a]ny objection or defense based upon a ground set forth in [CPLR 3211(a)(1), (3), (4), (5), and (6)] is waived unless raised either by such motion or in the responsive pleading" (see McLean v Sachem Cent. Sch. Dist., 186 AD3d 470; M & E 73-75, LLC v 57 Fusion LLC,_____ AD3d _____, 2020 NY Slip Op 04372 [1st Dept]; Bonanni v Horizons Invs. Corp., 179 AD3d 995, 1001; Pace v Perk, 81 AD2d 444, 461-462). The specifically enumerated defenses that are subject to this portion of the subdivision include "legal capacity" (CPLR 3211[a][3]), "arbitration and award, collateral estoppel, discharge in bankruptcy, infancy or other disability of the moving party, payment, release, res judicata, statute of limitations, [and] statute of frauds" (CPLR 3211[a][5]).
Unlike a waiver of the jurisdictional defenses listed in CPLR 3211(a)(8) and (9), which cannot be retracted through amendment to the pleadings (see Addesso v Shemtob, 70 NY2d at 690; McGowan v Hoffmeister, 15 AD3d at 297), a waiver of the defenses listed in CPLR 3211(a)(1), (3), (4), (5), and (6) may generally be retracted through amendment to the answer pursuant to CPLR 3025 to include the waived defense (see e.g. Barrett v Kasco Constr. Co., 56 NY2d 830, 831; Fahey v County of Ontario, 44 NY2d 934, 935; Congregation B'nai Jehuda v Hiyee Realty Corp., 35 AD3d 311, 313; Town of Webster v Village of Webster, 280 AD2d 931, 932-933; Henderson v Gulati, 270 AD2d 308, 309; Ficorp, Ltd. v Gourian, 263 AD2d at 392; Endicott Johnson Corp. v Konik Indus., 249 AD2d 744, 744-745; Marks v Macchiarola, 221 AD2d 217, 218; Armstrong v Peat, Marwick, Mitchell & Co., 150 AD2d 189, 190; A. J. Pegno Constr. Corp. v City of New York, 95 AD2d 655, 656; Pace v Perk, 81 AD2d at 461-462).
A waiver under this portion of CPLR 3211(e) is therefore consistent with the general waiver that results from a failure to affirmatively plead a defense in accordance with CPLR 3018(b), which, as already observed, may generally be retracted through amendment to the pleadings (see CPLR 3025; Surlak v Surlak, 95 AD2d at 383; see generally 5 Weinstein-Korn-Miller, NY Civ Prac: CPLR ¶ 3018.18). A waiver of these defenses may also be retracted by raising the defense in a motion for summary judgment, or in opposition to a motion for summary judgment, under which circumstances a court may, in the provident exercise of its discretion, "deem[ ] [the] defendant's answer amended to include the affirmative defense . . . on [the] motion for summary judgment" (Barrett v Kasco Constr. Co., 56 NY2d at 831; see Seaboard Sur. Co. v Nigro Bros., 222 AD2d 574, 574; Adsit v Quantum Chem. Corp., 199 AD2d 899, 900; Creary v Davie, 188 AD2d 1033, 1033-1034; Armstrong v Peat, Marwick, Mitchell & Co., 150 AD2d at 191; Ballen v Aero Mayflower Tr. Co., 144 AD2d 407, 409; McIvor v Di Benedetto, 121 AD2d 519, 521-522; see also Dampskibsselskabet Torm A/S v Thomas Paper Co., 26 AD2d 347, 352).
Finally, CPLR 3211(e) lists an additional set of defenses which may be raised in a motion "made at any subsequent time or in a later pleading, if one is permitted." These defenses include lack of subject matter jurisdiction (see CPLR 3211[a][2]), failure to state a cause of action (see CPLR 3211[a][7]), and "the absence of a person who should be a party" (CPLR 3211[a][10]). The defenses listed in CPLR 3211(a)(2), (7), and (10), implicate fundamental limitations on the power of a court to render an enforceable judgment (see Restatement [Second] of Judgments §§ 11, 62). Subject matter jurisdiction, in particular, is "so fundamental to the power of adjudication of a court that [the defense will] survive even a final judgment or order" (Lacks v Lacks, 41 NY2d 71, 74-75; see generally Restatement [Second] of Judgments §§ 12, 76). Under CPLR 3211(e), the defenses listed in subdivisions CPLR 3211(a)(2), (7), and (10) may be raised by motion "at any time" (M & E 73-75, LLC v 57 Fusion LLC,_____ AD3d _____, 2020 NY Slip Op 04372, *2; see McMahon v Cobblestone Lofts Condominium, 161 AD3d 536, 536-537; Chuqui v Church of St. Margaret Mary, 39 AD3d 397, 397; Rainbow Hospitality Mgt. v Mesch Eng'g, 270 AD2d 906, 906; Pace v Perk, 81 AD2d at 449), or by amendment to a pleading, "if one is permitted" (CPLR 3211[e]).
The defense of standing is not specifically mentioned in CPLR 3211(a) or (e). In Wells Fargo Bank Minn., N.A. v Mastropaolo (42 AD3d 239, 242, quoting CPLR 3211[a][3]), this Court considered "whether a defense based on lack of standing is more akin to the defense that the plaintiff 'has not legal capacity to sue,' as set forth in CPLR 3211(a)(3), or to the nonwaivable defense that the court lacks subject matter jurisdiction, as set forth in CPLR 3211(a)(2)."
This Court determined that "[e]ven though the frequently invoked term 'jurisdictional' has been used occasionally to refer to standing, a plaintiff's lack of standing affects, at most, a court's power to render a judgment on the merits in the plaintiff's favor" (Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d at 243). This Court stated that a plaintiff's "alleged lack of standing at the time [the] action was commenced . . . [is] not a jurisdictional defect that [is] 'so fundamental to the power of adjudication of a court' (Lacks v Lacks, [41 NY2d] at 74), that it could not be waived" (id. at 244; cf. MacAffer v Boston & Me. R.R., 268 NY 400, 405). Accordingly, this Court held that "where a defendant does not challenge a plaintiff's standing," the issue may be waived and "the plaintiff may be relieved of its obligation to prove that it is the proper party to seek the requested relief" (Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d at 242, 244-245). In reaching its conclusion, this Court cited to authority which described standing as "'an aspect of justiciability which, when challenged, must be considered at the outset of any litigation'" (id. at 242 [emphasis omitted], quoting Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769; see Community Bd. 7 of Borough of Manhattan v Schaffer, 84 NY2d 148, 154-155).
In subsequent case law this Court, citing to Wells Fargo Bank Minn., N.A. v Mastropaolo (42 AD3d 239), used language that may be read to imply that a waiver of the defense of standing should be applied in a manner consistent with a waiver of the threshold jurisdictional defenses listed in CPLR 3211(a)(8) and (9), which may not be retracted by subsequent amendment to a pleading (see e.g. HSBC Bank, USA v Dammond, 59 AD3d 679, 680). Of course, this Court has never held that a waiver of the defense of standing could not be retracted in an answer amended by leave of court pursuant to CPLR 3025(b) (see U.S. Bank N.A. v Laino, 172 AD3d 947, 948; HSBC Mtge. Servs., Inc. v Alphonso, 163 AD3d 934, 936; DLJ Mtge. Capital, Inc. v David, 147 AD3d 1024, 1025; HSBC Bank USA, NA v Halls, 136 AD3d 752, 753-754; Bank of N.Y. Mellon v Aquino, 131 AD3d 1186, 1187; U.S. Bank, N.A. v Sharif, 89 AD3d 723, 724).
Such a holding would be contrary to the language in Wells Fargo Bank Minn., N.A. v Mastropaolo (42 AD3d 239, 243), which indicated that "for purposes of the waiver rule set forth in CPLR 3211(e), standing and capacity to sue are sufficiently related that they should be afforded identical treatment" (see Siegel & Connors, NY Prac §§ 136, 261 [6th ed]; cf. Guiffrida v Storico Dev., LLC, 60 AD3d 1286, 1287). As already observed, a waiver of the affirmative defenses listed under CPLR 3211(a)(3) and (5), including capacity to sue, may generally be retracted through the amendment of a pleading pursuant to CPLR 3025 (see Complete Mgt., Inc. v Rubenstein, 74 AD3d 722, 723-724; see also Tedesco v A.P. Green Indus., Inc., 8 NY3d 243, 246; Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn., 63 NY2d 201, 218-219; cf. A. A. Sutain, Ltd. v Montgomery Ward & Co., 17 NY2d at 778).
In any event, to the extent that "our past decisions have lacked a precise consistency" on this issue (Miller v Miller, 22 NY2d 12, 15; see Stukas v Streiter, 83 AD3d 18, 30), we now reaffirm that a waiver of the defense of standing pursuant to CPLR 3211(e) should be given the same [*4]force and effect as a waiver of the affirmative defenses specifically enumerated in CPLR 3211(a)(3) and (5) (see Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d at 243). Accordingly, a waiver of the affirmative defense of standing pursuant to CPLR 3211(e) may be retracted through the amendment of a pleading pursuant to CPLR 3025 (see e.g. U.S. Bank N.A. v Laino, 172 AD3d at 948; DLJ Mtge. Capital, Inc. v David, 147 AD3d at 1025; U.S. Bank, N.A. v Sharif, 89 AD3d at 724). Case law from this Court should not be read to hold otherwise (cf. US Bank N.A. v Dorestant, 131 AD3d 467, 470; Wells Fargo Bank, N.A. v Combs, 128 AD3d 812, 813; JPMorgan Mtge. Acquisition Corp. v Hayles, 113 AD3d 821, 822; Deutsche Bank Natl. Trust Co. v Hussain, 78 AD3d 989, 990; New York Community Bank v Vermonty, 68 AD3d 1074, 1076; HSBC Bank, USA v Dammond, 59 AD3d at 680).
RPAPL 1302-a adds an additional layer of complexity to the operation of CPLR 3211(e), and to the defense of standing in certain actions. Enacted on December 23, 2019, and effective that same date (see L 2019, ch 739, § 1), the statute, in toto, provides:
"Notwithstanding the provisions of [CPLR 3211(e)], any objection or defense based on the plaintiff's lack of standing in a foreclosure proceeding related to a home loan, as defined in [RPAPL 1304(6)(a)], shall not be waived if a defendant fails to raise the objection or defense in a responsive pleading or pre-answer motion to dismiss. A defendant may not raise an objection or defense of lack of standing following a foreclosure sale, however, unless the judgment of foreclosure and sale was issued upon defendant's default" (RPAPL 1302-a).
The new statute, by its own terms, only applies to residential mortgage foreclosure actions involving a "home loan," as that term is defined in RPAPL 1304(6)(a) (RPAPL 1302-a). Accordingly, with the enactment of RPAPL 1302-a, the procedural rules applicable to the defense of standing may vary depending on the substantive nature of the litigation at issue (see RPAPL 1302-a).
Where applicable, RPAPL 1302-a provides that a failure to raise standing as a defense in a responsive pleading or motion to dismiss does not constitute a waiver pursuant to CPLR 3211(e) (see RPAPL 1302-a). The purpose of the law is to help assure that issues of standing are resolved on their merits (see Sponsor's Mem, Bill Jacket, L 2019 SB 5160, ch 739 [April 12, 2019]).
Although the new statute provides that the defense of standing is not waived pursuant to CPLR 3211(e) by a defendant's failure to raise it in a responsive pleading or motion to dismiss, it does not thereby absolve a defendant from actually raising the issue before it may properly be considered by a court (see HSBC Bank USA, N.A. v Szoffer, 149 AD3d 1400, 1401). Indeed, had the Legislature intended to vest a court with the discretionary authority to raise the issue of standing "on its own initiative," as it has done in several provisions of the CPLR (CPLR 1003; see CPLR 3215[c]; 3216[a]; 4404[a], [b]), it could have inserted such language into RPAPL 1302-a. It did not do so. Accordingly, we conclude that RPAPL 1302-a does not disturb the well-settled case law holding that "a party's lack of standing does not constitute a jurisdictional defect" (U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048-1049; see Matter of Fossella v Dinkins, 66 NY2d 162; HSBC Bank USA, N.A. v Taher, 104 AD3d 815, 817), and that the defense of standing should not be raised by a court, sua sponte (see e.g. Matter of Barbeau v Village of LeRoy, 181 AD3d 1155, 1157; Emic Corp. v Barenblatt, 169 AD3d 621, 621-622; Citimortgage, Inc. v Gill, 165 AD3d 623, 623; HSBC Bank USA, N.A. v Szoffer, 149 AD3d at 1401).
The Legislature also could have required a plaintiff to plead and prove standing as an essential element of every applicable residential mortgage foreclosure action. It did not do this either. Although RPAPL 1302-a specifies that its provisions are controlling "[n]otwithstanding the provisions of [CPLR 3211(e)]," it makes no reference to any other section of the CPLR. Under basic rules of statutory construction, the express inclusion of CPLR 3211(e) and the omission of any other reference to the CPLR leads to the conclusion that CPLR 3211(e) is the only statute impacted by the enactment of RPAPL 1302-a (see McKinneys Cons Laws of NY, Book 1, Statutes, § 240; Matter of Benjamin v New York City Empls. Retirement Sys., 170 AD3d 714, 716).
Accordingly, even where applicable, the new statute does not impact the operation of CPLR 3018(b) or case law holding that "where, as here, standing is not an essential element of the cause of action, under CPLR 3018(b) a defendant must affirmatively plead lack of standing as an affirmative defense in the answer in order to properly raise the issue in its responsive pleading" (US Bank N.A. v Nelson, 169 AD3d at 114; see Citimortgage, Inc. v Etienne, 172 AD3d 808, 810; [*5]BAC Home Loans Servicing, LP v Alvarado, 168 AD3d 1029, 1030). However, it should again be emphasized that the waiver that results from a failure to affirmatively plead a defense in accordance with CPLR 3018(b), including a waiver of the defense of standing, may be retracted through subsequent amendment to the pleadings (see CPLR 3025; U.S. Bank N.A. v Laino, 172 AD3d at 948; DLJ Mtge. Capital, Inc. v David, 147 AD3d at 1025; U.S. Bank, N.A. v Sharif, 89 AD3d at 724; Mendrzycki v Cricchio, 58 AD3d 171, 175; cf. Nannini & Callahan Excavating v Park Rd. Constr. Corp., 234 AD2d 352, 352).
Where applicable, RPAPL 1302-a places the defense of standing on a footing comparable with the other defenses that are exempt from the waiver provisions of CPLR 3211(e), to wit, those defenses listed in subdivisions CPLR 3211(a)(2), (7), and (10), which may be raised by motion "at any time" (M & E 73-75, LLC v 57 Fusion LLC, _____ AD3d _____, 2020 NY Slip Op 04372, *2), or by amendment to a pleading, "if one is permitted" (CPLR 3211[e]; see CPLR 3025[b]). Even where the defense of standing is omitted from a defendant's answer in violation of CPLR 3018(b), the defense may be raised for the first time in opposition to a plaintiff's motion for summary judgment (see First Trust Natl. Assn. v DeLuca, 284 AD2d 494, 494; Kelly v City of New York, 117 AD2d 781, 782; Village of Port Chester v Hartford Acc. & Indem. Co., 90 AD2d 831, 831-832; Jandous Elec. Constr. Corp. v City of New York, 88 AD2d 821, 822, affd 57 NY2d 848; Rizzi v Sussman, 9 AD2d 961; see generally Curry v Mackenzie, 239 NY 267, 272). Under such circumstances a court may, in the provident exercise of its discretion, "deem[ ] [the] defendant's answer amended to include the affirmative defense . . . on [the] motion for summary judgment" (Barrett v Kasco Constr. Co., 56 NY2d at 831; see Adsit v Quantum Chem. Corp., 199 AD2d at 900; cf. Rooney v Slomowitz, 11 AD3d at 867; Counties of Warren & Washington Indus. Dev. Agency v Boychuck, 109 AD2d at 1026). Where an affirmative defense is raised for the first time in opposition to a motion for summary judgment, new evidence relevant to that defense may generally be submitted in reply papers inasmuch as "the evidence [is] submitted...in response to allegations raised for the first time in the opposition papers" (Citimortgage, Inc. v Espinal, 134 AD3d 876, 879; see e.g. CitiMortgage, Inc. v Goldberg, 179 AD3d 1006, 1008; JPMorgan Chase Bank, N.A. v Corrado, 162 AD3d 994, 995-996).
If an amendment to the answer pursuant to CPLR 3025(a) is not possible, leave to amend an answer may be obtained pursuant to CPLR 3025(b). As that subdivision commands, leave to amend should be "freely given upon such terms as may be just including the granting of costs and continuances" (CPLR 3025[b]; see Murray v City of New York, 43 NY2d at 404-406). "[L]eave to amend a pleading should be granted where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party" (DLJ Mtge. Capital, Inc. v David, 147 AD3d at 1025; see Aurora Loan Servs., LLC v Dimura, 104 AD3d 796, 796-797; Lucido v Mancuso, 49 AD3d 220, 226-227). "Notably, unless coupled with significant prejudice to plaintiff, even inordinate delay is not a barrier to amendment" (Endicott Johnson Corp. v Konik Indus., 249 AD2d 744, 744; see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959).
The burden of proving prejudice is on the party opposing the motion for leave to amend the pleading (see Kimso Apts., LLC v Ghandi, 24 NY3d 403, 411; Caceras v Zorbas, 74 NY2d 884, 885). Prejudice, in this context, is more than "the mere exposure of the [party] to greater liability" (Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23; see Kimso Apts., LLC v Ghandi, 24 NY3d at 411). Furthermore, prejudice that may be remedied "by the award of costs, or a continuance, or some other sanction" will generally not provide grounds for the outright denial of a motion for leave to amend (5 Weinstein-Korn-Miller, NY Civ Prac: CPLR ¶ 3018.18; see CPLR 3025[b]; Kalish v Manhasset Med. Ctr. Hosp., 100 AD2d 507, 508; Campbell v La Forgia Oil Co., 81 AD2d 824, 824). Rather, "there must be some indication that the [party] has been hindered in the preparation of [the party's] case or has been prevented from taking some measure in support of [its] position" (Loomis v Civetta Corinno Constr. Corp., 54 NY2d at 23; see Kimso Apts., LLC v Ghandi, 24 NY3d at 411; Federal Ins. Co. v Lakeville Pace Mech. Inc., 159 AD3d 469, 469; Armstrong v Peat, Marwick, Mitchell & Co., 150 AD2d at 190; A. J. Pegno Constr. Corp. v City of New York, 95 AD2d at 656; Surlak v Surlak, 95 AD2d at 383-384; cf. Edenwald Contr. Co. v City of New York, 60 NY2d at 959).
In applying the foregoing principles to the facts of this case, we note that "[t]he general rule holds that an appellate court must apply the law as it exists at the time of its decision" (Matter of Gardiner v Lo Grande, 83 AD2d 614, 615; see Matter of Boardwalk & Seashore Corp. [*6]v Murdock, 286 NY 494, 498; see also Thorpe v Hous. Auth. of Durham, 393 US 268, 281). Accordingly, we consider RPAPL 1302-a in connection with the present appeal, even though that statute had not been enacted at the time the order appealed from was decided by the Supreme Court (see L 2019, ch 739, § 1).
Under the circumstances of this case, it is clear that the Supreme Court should have permitted the defendant to raise the affirmative defense of lack of standing and to amend his answer to include it, even though he failed to plead it as an affirmative defense in his answer (see CPLR 3025[b]; see also RPAPL 1302-a; cf. HSBC Bank USA, N.A. v Szoffer, 149 AD3d at 1401). In addressing this issue, the plaintiff failed to allege, much less demonstrate, that it suffered any prejudice as a result of the defendant's delay in interposing the defense (see DLJ Mtge. Capital, Inc. v David, 147 AD3d at 1025; U.S. Bank, N.A. v Sharif, 89 AD3d at 724). Under the circumstances, the Supreme Court should have deemed the defendant's answer amended to include the affirmative defense of lack of standing (see Barrett v Kasco Constr. Co., 56 NY2d at 831; Adsit v Quantum Chem. Corp., 199 AD2d at 900).
"CPLR 3212(b) requires the proponent of a motion for summary judgment to demonstrate the absence of genuine issues of material fact on every relevant issue raised by the pleadings, including any affirmative defenses" (Stone v Continental Ins. Co., 234 AD2d 282, 284; see Morley Maples, Inc. v Dryden Mut. Ins. Co., 130 AD3d 1413, 1413; Aimatop Rest. v Liberty Mut. Fire Ins. Co, 74 AD2d 516, 517; see also Sokolow, Dunaud, Mercadier, & Carreras v Lacher, 299 AD2d 64, 70). Accordingly, where, as here, a court deems the defendant's answer amended to include the affirmative defense of lack of standing in opposition to a plaintiff's motion for summary judgment, a plaintiff must establish its standing in order to be entitled to summary judgment on the complaint (see CPLR 3212[b]; see generally M & T Bank v Barter, 186 AD3d 698, 700; Nationstar Mtge., LLC v Medley, 168 AD3d 959, 960; Security Lending, Ltd. v New Realty Corp., 142 AD3d 986, 987).
To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder of, or the assignee of, the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Nationstar Mtge., LLC v Medley, 168 AD3d at 960). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Deutsche Bank Natl. Trust Co. v Adlerstein, 171 AD3d 868, 870; Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990, 992).
Here, in support of its motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, the plaintiff produced the mortgage, the unpaid note, and evidence of default. Since the issue of standing was raised for the first time in opposition to the plaintiff's motion for summary judgment, the plaintiff was entitled to submit evidence on that issue for the first time in its reply papers. The plaintiff's submissions demonstrated, prima facie, that it had physical possession of the note and mortgage prior to the commencement of this action. In opposition, the defendant failed to raise a triable issue of fact. The defendant did not dispute the evidence submitted by the plaintiff to establish that it had physical possession of the note and mortgage prior to the commencement of this action. Rather, the standing defense raised by the defendant related solely to the validity of certain assignments of the note and mortgage. "Since the plaintiff does not base its claim of standing on an assignment of the note, but on its purported physical possession thereof, the [defendant's] arguments as to the validity of the assignment of mortgage and the correction assignment of mortgage are irrelevant" and insufficient to raise a triable issue of fact in opposition to the plaintiff's prima facie showing (Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 869; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Wells Fargo Bank, N.A. v Davis, 181 AD3d 890, 892).
The defendant's remaining contentions are without merit.
In view of the foregoing, we agree with the Supreme Court's determination to grant leave to reargue and, upon reargument, grant the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. Accordingly, the order appealed from is [*7]affirmed.
ROMAN, J.P., MALTESE and IANNACCI, JJ., concur.
ORDERED that the order dated June 19, 2017, is affirmed, with costs.
ENTER:
Aprilanne Agostino
Clerk of the Court