Norbert H. O'Brien Living Trust v Sarghi & Sarb Indian Cuisine, LLC (2025 NY Slip Op 51582(U))

[*1]

Norbert H. O'Brien Living Trust v Sarghi & Sarb Indian Cuisine, LLC

2025 NY Slip Op 51582(U)

Decided on August 13, 2025

Justice Court Of The Town Of Clarence, Erie County

Hickey, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 13, 2025

Justice Court of the Town of Clarence, Erie County

Norbert H. O'Brien Living Trust, Kevin O'Brien as Trustee, Petitioner-Landlord,

against

Sarghi and Sarb Indian Cuisine, LLC, Respondent-Tenant.

Docket No. 25040158

Michael T. Dwan, Esq.
Attorney for the Petitioner

Jennifer A. Hurley, Esq.
Justin S. White, Esq.
Attorneys for the Respondent

Jonathan S. Hickey, J.

The petitioner-landlord, Norbert H. O'Brien Living Trust, Kevin O'Brien as Trustee (hereinafter "petitioner" and/or "landlord") commenced a special proceeding in this local court by filing a "Holdover Petition for Commercial Eviction" dated March 25, 2025. The respondent-tenant, Sarghi and Sarb Indian Cuisine, LLC (hereinafter the "respondent" and/or "tenant") denied the substantive allegations in its "Answer to Holdover Petition for Commercial Eviction" dated April 14, 2025.

Procedural Posture:

The petitioner seeks to evict the tenant from commercial property located at 8445 Main Street, Clarence, New York 14221 (hereinafter "the property" and/or the "premises") because the tenant failed to vacate the premises within 30 days of being served with a New York Lease Termination letter and Notice to Tenant (Exhibit 3). The respondent denied the allegations in its answer and the matter proceeded to the trial of this summary proceeding before this court on June 26, 2025.[FN1]
In addition to the testimony and exhibits offered at trial, this court has reviewed the respondent's post-hearing memorandum of law dated June 30, 2025 and the supplemental [*2]affidavit of Justin S. White, Esq. with attached exhibits sworn to on July 7, 2025 [FN2]
in further support of dismissing the petition.

Findings of Fact and Conclusions of Law:

The credible evidence offered at the trial was that a lease was entered into between the landlord and tenant commencing April 1, 2019 (Exhibit 1). On April 1, 2022 the parties signed a one-page addendum (Exhibit 2). The addendum was drafted by Mr. O'Brien and then signed by Mr. O'Brien and a principal of the respondent in each others' presence at the property.

Mr. O'Brien confirmed the authenticity of the lease and what he called the "Revised payment schedule" along with his position that the tenant was on a month-to-month lease basis as of April 1, 2022 because the lease was never renewed. But he also testified the addendum modified the rent payment and the purpose of the addendum was to show what the cost would be after April 1, 2022 if they all re-signed — which they did.

Mr. O'Brien drafted the April 1, 2022 addendum (Exhibit 2) because he felt the lease and its terms were good, but he wanted to increase the rent and this was to "confirm the renewal . . . " He said his intent was that all other terms would still apply, but the purpose of the April 1, 2022 addendum was to create a revised payment schedule for three more years.

He testified a new lease was not signed and he did not receive oral notice or a written request to extend the lease until close to the time the lease was expiring in 2025. He said that the principal of the tenant mentioned to him a few months before the lease was set to expire something to the effect of "are we going to do this . . . ?" because she seemed to want to sit and meet about the lease. However he indicated he was not interested because this was in January 2025 when issues with respect to the septic system arose.[FN3]

Mr. O'Brien claimed the respondent's principal then indicated she did not want to renew and that she said she was "done with you . . . " in reference to the landlord. At this time Mr. O'Brien's attorney issued the January 16, 2025 termination letter (Exhibit 1). The letter did not include a date certain, or any reference to rent, but only stated that the tenant had 30 days to vacate the premises. His position was that this would end their relationship by mid-February 2025, but the tenant never left.

Notably Mr. O'Brien also testified he understood the meaning of the lease and addendum to be that March 31, 2025 would be the tenant's last day and they would vacate as of April 1, 2025. He added that even though he understood the lease to be valid until March 31, 2025, he [*3]felt it was breached sooner based on how the tenant treated the property.[FN4]

At trial, "[t]he petitioner has the burden of proof with respect to allegations in the petition, and the respondent has the burden of proof with respect to affirmative defenses" (Alan Scherer & Fern Fisher, Residential Landlord Tenant Law in New York § 14:7 [2020]; see also GMAC Mtge., LLC v Coombs, 191 AD3d 37, 39-40, 136 NYS3d 439 [2d Dept 2020]" (see SRI Eleven 1407 Broadway Operator LLC v Mega Wear Inc., 71 Misc 3d 779 [Civ Ct, New York County 2021]; see also Rochester Hous. Auth. v Ivey, 39 Misc 3d 1238(A) [City Court of New York, Monroe County 2013] (holding the petitioner has the burden of proof through competent evidence to establish entitlement to relief in a holdover proceeding)). The same burden of proof would necessarily apply in a special proceeding involving an alleged commercial holdover tenant.

"[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Consequently, 'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms' " (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645, 912 NE2d 43, 884 NYS2d 211 [2009], quoting Greenfield v Philles Records, 98 NY2d 562, 569, 780 NE2d 166, 750 NYS2d 565 [2002]). "Extrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous, which is an issue of law for the courts to decide . . . . A contract is unambiguous if the language it uses has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion' " (Greenfield v Philles Records, 98 NY2d at 569, quoting Breed v Insurance Co. of N. Am., 46 NY2d 351, 355, 385 NE2d 1280, 413 NYS2d 352 [1978]). " 'In interpreting the provisions of a lease, the court should refrain from rewriting the lease under the guise of construction, should not construe the language of the lease in such a way as would distort its meaning, and should not construe the language in a manner that would render one or more of its provisions meaningless' " (45-02 Food Corp. v 45-02 43rd Realty LLC, 37 AD3d 522, 525, 830 NYS2d 304 [2007], quoting Poughkeepsie Sav. Bank v G.M.S.Y. Assoc., 238 AD2d 327, 327, 656 NYS2d 917 [1997])" (See CDC Dev. Props., Inc. v American Ind. Paper Mills Supply Co., Inc, 184 AD3d 623 [2d Dept 2020]).

The petitioner's argument is that the lease expired in 2022. The addendum was just a revised payment schedule and any rhetoric in the lease about extending it did not mention the term, therefore the court should make the legal conclusion that the controlling lease expired in 2022 and the revised payment schedule is merely that, as such the tenant has been occupying the premises on a month-to-month basis since April 1, 2022 and is unlawfully present as a holdover which requires eviction. Petitioner argued there was not a timely (or any) written request to renew and quite simply there was no new lease agreement.

In opposition, the tenant's argument is that the April 1, 2022 addendum served to renew and extend the lease through the end of 2028 and that the renewal provision bars this termination proceeding. Also, to the extent there is any ambiguity in the lease, it must be construed against the petitioner because Mr. O'Brien created the addendum. The tenant argues the renewal option was timely exercised and/or that the tenant remained in possession under a provision that allowed such renewal, i.e. the addendum.

There are at least two primary reasons the petitioner here failed to meet its burden of proof: (1) first and most prominently there is an addendum that explicitly states its purpose is to "confirm the renewal," and (2) the termination notice is deficient because it is both premature and defective, therefor insufficient to achieve the present relief sought. As such, the court does not need to reach the respondent's remaining arguments and the petition is denied and dismissed on the merits.

Because Mr. O'Brien admitted his belief the lease ended March 31, 2025, but also that the January 16, 2025 termination letter was effective, the court is faced with a position that is inherently inconsistent when analyzing whether the petitioner met its burden.

In the lease, at Section 2, "Terms of Lease," the language is unambiguous that the tenant has the privilege of renewing the lease if "a new lease [is] signed in its entirety at least ninety (90) days prior to the expiration of the original Lease term" (Exhibit 1). There is some evidence that this was not accomplished. The addendum is equally unambiguous where it states the parties' "signatures . . . confirm the renewal of the existing lease with the new payment schedule listed . . . " (Exhibit 2). However, when read together these two clauses become ambiguous in terms of respective obligations, intentions, and expectations regarding the three years starting April 1, 2022 and beyond. (Emphasis added).

To the extent the April 1, 2022 addendum created this global ambiguity, the document was drafted by Mr. O'Brien so the ambiguity must therefore be construed against him. Any extrinsic evidence considered to clarify this ambiguity, such as Mr. O'Brien's testimony, further complicated the matter because he testified: (a) the lease was good through March 31, 2025, (b) the termination letter was intended to evict the respondent by mid-February 2025, and (c) he drafted the April 1, 2022 addendum because he felt the lease and its terms were good and he wanted to increase the rent and "confirm the renewal . . . " He said his intent was that all terms would still apply. While these positions might make factual or logical sense from the perspective of the landlord, they cannot co-exist legally without being ambiguous or at least inconsistent, both of which are fatal to the petitioner's ability to meet its burden of proof.

Verdict:

The court listened to all of the testimony and reviewed the exhibits entered into evidence at length. After due deliberation and consideration, the verdict of the court is as follows:
the petitioner failed to meet its burden of proof, therefore the petition is in all respects denied and dismissed. If any additional order or judgment is required, the respondent is asked to submit same and attach this verdict.

This constitutes the verdict of the court.

DATED: August 13, 2025
Clarence, New York
JONATHAN S. HICKEY
Clarence Town Justice

Footnotes

Footnote 1:RPAPL § 745.

Footnote 2:While the court did review Mr. White's submission, to the extent it attached an exhibit that was not entered into proof during the summary proceeding (the June 10, 2025 summons and complaint) such proof was not considered by this court. However the legal argument in Mr. White's submission that the lease was valid and in operation until at least April 1, 2025 was considered by this court, but based on the evidence actually adduced at the hearing.

Footnote 3:This court is aware that O'Brien v Sarghi and Sarb Indian Cuisine, LLC d/b/a Kabab and Curry (Erie County Supreme Court, Index # 809956/2025), is pending. This court has limited jurisdiction to adjudicate only the matter of the holdover petition, a procedural point confirmed by Mr. Dwan during the trial.

Footnote 4:See FN 3.