■ CHRISTINE CARRS, as Administratrix of the Estate of DANIEL P. BISK, Deceased, Appellant, v AVCO CORPORATION, on Behalf of its LYCOMING ENGINES division, et al., Defendants, and SUPERIOR AIR PARTS, INC., Respondent. [2 NYS3d 533]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated January 10, 2013, which granted the motion of the defendant Superior Air Parts, Inc., pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

When a motion is made to dismiss an action for lack of personal jurisdiction, the plaintiff bears the ultimate burden of proving a basis for such jurisdiction over a defendant (*see Waggaman v Arauzo*, 117 AD3d 724 [2014]; *Paterno v Laser Spine Inst.*, 112 AD3d 34, 39 [2013], *affd* 24 NY3d 370 [2014]). However, to defeat a CPLR 3211 (a) (8) motion to dismiss, a plaintiff need only establish, prima facie, that the defendant was subject to the personal jurisdiction of the Supreme Court (*see Weitz v Weitz*, 85 AD3d 1153 [2011]; *Cornely v Dynamic HVAC Supply, LLC*, 44 AD3d 986 [2007]; *Brandt v Toraby*, 273 AD3d 429 [2000]).

In opposition to the motion of the defendant Superior Air Parts, Inc. (hereinafter Superior), pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it based on lack of personal jurisdiction, the plaintiff failed to establish, prima facie, that the activities of Superior in New York subjected it to the personal jurisdiction of the Supreme Court pursuant to CPLR 301 and 302 (a) (3) (i) (*see Daimler AG v Bauman*, 571

US —, —, 134 S Ct 746, 759-760 [2014]; *J. McIntyre Machinery, Ltd. v Nicastro*, 564 US —, —, 131 S Ct 2780, 2788 [2011]; *Asahi Metal Industry Co. v Superior Court of Cal., Solano Cty.*, 480 US 102, 112-113 [1987]; *Landoil Resources Corp. v Alexander & Alexander Servs.*, 77 NY2d 28, 33 [1990]; *Laufer v Ostrow*, 55 NY2d 305, 309-310 [1982]; *Frummer v Hilton Hotels Intl.*, 19 NY2d 533, 536 [1967]; *Paterno v Laser Spine Inst.*, 112 AD3d at 40; *Brandt v Toraby*, 273 AD2d 429 [2000]; *Cooperstein v Pan-Oceanic Mar.*, 124 AD2d 632, 634 [1986]; cf. *Weitz v Weitz*, 85 AD3d 1153 [2011]; *Cornely v Dynamic HVAC Supply, LLC*, 44 AD3d 986 [2007]).

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly granted Superior's motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it. Leventhal, J.P., Chambers, Hall and Duffy, JJ., concur.