US Bank N.A. v Blake-Hovanec (2021 NY Slip Op 00893)





US Bank N.A. v Blake-Hovanec


2021 NY Slip Op 00893


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-04614
2015-04679
2017-07261
 (Index No. 31419/12)

[*1]US Bank National Association, etc., plaintiff- respondent, 
v
Christina Blake-Hovanec, appellant, Law Offices of Melvin H. Bernheimer, P.C., et al., defendants-respondents, et al., defendants. Christina Blake-Hovanec, East Northport, appellant pro se.


Eckert Seamans Cherin & Mellott LLC, White Plains, NY (David V. Mignardi of counsel), for plaintiff-respondent.
Keane & Bernheimer, PLLC, Hawthorne, NY (Jason M. Bernheimer of counsel), for defendant-respondent Law Offices of Melvin H. Bernheimer, P.C.
Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (William J. McDonald of counsel), for defendant-respondent Denise Luparello, P.C.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Christina Blake-Hovanec appeals from two orders of the Supreme Court, Suffolk County (Marlene L. Budd, J.), both dated January 23, 2015, and a judgment of foreclosure and sale of the same court (Howard H. Heckman, Jr., J.) dated May 3, 2017. The first order dated January 23, 2015, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Christina Blake-Hovanec and for an order of reference, denied the cross motion of the defendant Christina Blake-Hovanec pursuant to CPLR 3025 for leave to amend her answer to assert the affirmative defense of lack of standing and for summary judgment dismissing the complaint insofar as asserted against her and on her cross claim asserted against the defendants Law Offices of Melvin H. Bernheimer, P.C., and Denise Luparello, P.C., granted that branch of the cross motion of the defendant Law Offices of Melvin H. Bernheimer, P.C., which was pursuant to CPLR 3211(a) to dismiss the cross claim of the defendant Christina Blake-Hovanec insofar as asserted against it, and, sua sponte, in effect, directed dismissal of the cross claim of the defendant Christina Blake-Hovanec insofar as asserted against the defendant Denise Luparello, P.C. The second order dated January 23, 2015, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Christina Blake-Hovanec and referred the matter to a referee to compute the amount due to the plaintiff. The judgment of foreclosure and sale, inter alia, granted the plaintiff's unopposed motion to confirm the referee's report and directed the sale of the subject property.
ORDERED that the appeal from so much of the first order dated January 23, 2015, [*2]as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Christina Blake-Hovanec and for an order of reference, denied those branches of the cross motion of the defendant Christina Blake-Hovanec which were pursuant to CPLR 3025 for leave to amend her answer to assert the affirmative defense of lack of standing and for summary judgment dismissing the complaint insofar as asserted against her, and, sua sponte, in effect, directed dismissal of the cross claim of the defendant Christina Blake-Hovanec insofar as asserted against the defendant Denise Luparello, P.C., is dismissed; and it is further,
ORDERED that the first order dated January 23, 2015, is affirmed insofar as reviewed; and it is further,
ORDERED that the appeal from the second order dated January 23, 2015, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law and in the exercise of discretion, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Christina Blake-Hovanec and for an order of reference are denied, that branch of the cross motion of the defendant Christina Blake-Hovanec which was pursuant to CPLR 3025 for leave to amend her answer to assert the affirmative defense of lack of standing is granted, and the orders dated January 23, 2015, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Christina Blake-Hovanec payable by the plaintiff and one bill of costs is awarded to the defendants Law Offices of Melvin H. Bernheimer, P.C., and Denise Luparello, P.C., appearing separately and filing separate briefs, payable by the defendant Christina Blake-Hovanec.
That portion of the first order dated January 23, 2015, which, sua sponte, in effect, directed dismissal of the cross claim of the defendant Christina Blake-Hovanec insofar as asserted against the defendant Denise Luparello, P.C., is not appealable as of right (see CPLR 5701[a][2]). Leave to appeal has not been granted and, under the circumstances of this case, we decline to grant leave to appeal (see CPLR 5701[c]).
The appeal from the portions of the first order which granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Christina Blake-Hovanec and for an order of reference and denied those branches of the cross motion of the defendant Christina Blake-Hovanec which were pursuant to CPLR 3025 for leave to amend her answer to assert the affirmative defense of lack of standing and for summary judgment dismissing the complaint insofar as asserted against her, and the appeal from the second order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the remaining portions of the first order and from the second order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]). Although the judgment of foreclosure and sale was entered upon the default of the appellant in opposing the plaintiff's motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale, appellate review of the orders dated January 23, 2015, is not precluded since the appellant may obtain review of "matters which were the subject of contest before the Supreme Court" (Wells Fargo Bank, N.A. v Harrigan,179 AD3d 1142, 1144 [internal quotation marks omitted]; McGee v McAleer, 277 AD2d 207).
The plaintiff commenced this action to foreclose a mortgage given by the defendant Christina Blake-Hovanec (hereinafter the defendant) to JPMorgan Chase Bank, N.A., the terms of which were subsequently modified by a Home Affordable Modification Agreement with Chase Home Finance, LLC. The complaint alleged that the mortgage was assigned to the plaintiff and that the plaintiff is the holder of the note and mortgage. The defendant's answer to the complaint included a cross claim against the defendants Law Offices of Melvin H. Bernheimer, P.C. [*3](hereinafter Bernheimer), and Denise Luparello, P.C. (hereinafter Luparello), her former attorneys in an unrelated divorce action whom the plaintiff named as party defendants by virtue of their status as judgment creditors.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion and cross-moved for leave to amend her answer to assert the affirmative defense of lack of standing and for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff lacked standing to commence the action and for summary judgment on her cross claim. The plaintiff, Bernheimer, and Luparello opposed the defendant's cross motion, and Bernheimer cross-moved to dismiss the defendant's cross claim insofar as asserted against it and the complaint insofar as asserted against it. In support of its cross motion, Bernheimer submitted documentary and testimonial evidence establishing that its status as a judgment creditor had been extinguished subsequent to the commencement of the action. In response to Bernheimer's cross motion, the plaintiff consented to the discontinuance of the action as against Bernheimer and Luparello. The defendant opposed Bernheimer's cross motion. In an order dated January 23, 2015, the Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, denied the defendant's cross motion, and granted Bernheimer's cross motion. Additionally, upon determining that Bernheimer and Luparello were no longer necessary parties to the action, the court discontinued the action as against those defendants on consent of the plaintiff. Thereafter, the court granted the plaintiff's unopposed motion for a judgment of foreclosure and sale. The defendant appeals.
The plaintiff established its prima facie entitlement to judgment as a matter of law on the complaint by producing the mortgage, the note, the modification agreement, and evidence of the defendant's default in payment (see HSBC Bank USA v Olivier, 179 AD3d 648, 649). Accordingly, the burden shifted to the defendant to raise a triable issue of fact warranting denial of summary judgment.
Contrary to the plaintiff's contention, the defendant did not waive the affirmative defense of lack of standing. RPAPL 1302-a (as added by L 2019, ch 739, § 1; eff Dec. 23, 2019) provides that, notwithstanding the provisions of CPLR 3211(e), "any objection or defense based on the plaintiff's lack of standing in a foreclosure proceeding related to a home loan, as defined in paragraph (a) of subdivision six of section thirteen hundred four of this article, shall not be waived if a defendant fails to raise the objection or defense in a responsive pleading or pre-answer motion to dismiss." Under the circumstances of this case, the Supreme Court should have granted that branch of the defendant's cross motion which was pursuant to CPLR 3025(b) for leave to amend her answer to assert the affirmative defense of lack of standing (see GMAC Mtge., LLC v Coombs, 191 AD3d 37, 47-50). Further, the defendant's affidavit was sufficient to raise a triable issue of fact as to whether the plaintiff was the holder or assignee of the note at the time the action was commenced (see Halfon v U.S. Bank, N.A., 169 AD3d 653, 654; Bank of N.Y. Mellon v Ettinger, 176 AD3d 1152, 1155). In response, the plaintiff failed to demonstrate its standing as a matter of law (see generally GMAC Mtge., LLC v Coombs, 191 AD3d at 48; Citimortgage, Inc. v Espinal, 134 AD3d 876). Inasmuch as there are triable issues of fact as to the plaintiff's standing to commence this action, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference should have been denied (see DLJ Mtge. Capital, Inc. v David, 147 AD3d 1024; Emigrant Sav. Bank-Brooklyn/Queens v Doliscar, 124 AD3d 831).
The Supreme Court properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff lacked standing. The defendant "merely pointed to alleged gaps in the plaintiff's case" (Cenlar FSB v Lanzbom, 168 AD3d 670, 671), and failed to eliminate triable issues of fact as to whether the plaintiff had standing to commence the action (see Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844).
Additionally, the Supreme Court properly denied that branch of the defendant's cross [*4]motion which was for summary judgment on her cross claim. The defendant failed to demonstrate her prima facie entitlement to judgment as a matter of law (cf. CPLR 3011; Giglio v NTIMP, Inc., 86 AD3d 301, 310). The defendant's claim of damages was purely speculative (see Green v Dolphy Constr. Co., 187 AD2d 635, 637). Since the defendant failed to meet her prima facie burden, it is unnecessary to consider whether the opposition papers were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court properly granted that branch of Bernheimer's cross motion which was to dismiss the defendant's cross claim insofar as asserted against it. Bernheimer demonstrated its entitlement to dismissal and, in opposition, the defendant's affidavit failed to remedy the defects in the cross claim (see Leon v Martinez, 84 NY2d 83, 88; Muro-Light v Farley, 95 AD3d 846, 847).
The parties' remaining contentions either need not be reached or are without merit.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court