Citimortgage, Inc. v Rogers (2022 NY Slip Op 02109)





Citimortgage, Inc. v Rogers


2022 NY Slip Op 02109


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2019-11479
 (Index No. 135101/14)

[*1]Citimortgage, Inc., respondent, 
v
Emanuel Rogers, etc., appellant.


Richard A. Rosenzweig, Esq., P.C., Staten Island, NY, for appellant.
David A. Gallo & Associates LLP, Roslyn Heights, NY (Robert M. Link and Jonathan T. Lerner of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Emanuel Rogers appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated July 19, 2019. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him based upon lack of standing or, in the alternative, for leave to amend his answer to assert the affirmative defense of lack of standing.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Emanuel Rogers which was for leave to amend his answer to assert the defense of lack of standing, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In June 2008, the defendant Emanuel Rogers (hereinafter the defendant) executed a note in the amount of $423,153 in favor of the plaintiff's predecessor in interest. The note was secured by a mortgage on real property located in Staten Island.
In February 2014, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. The defendant interposed an answer dated April 22, 2014. He did not assert lack of standing as an affirmative defense.
In November 2018, the defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him based upon lack of standing. In the alternative, the defendant moved for leave to amend his answer to assert the affirmative defense of lack of standing. The defendant referred to papers from a prior summary judgment motion filed by the plaintiff, but did not submit any documentary evidence in support of his motion. In the order appealed from, dated July 19, 2019, the Supreme Court denied the defendant's motion. The defendant appeals.
Contrary to the plaintiff's contention, the defendant did not waive the affirmative defense of lack of standing. RPAPL 1302-a provides that, notwithstanding the provisions of CPLR 3211(e), "any objection or defense based on the plaintiff's lack of standing in a foreclosure proceeding related to a home loan . . . shall not be waived if a defendant fails to raise the objection [*2]or defense in a responsive pleading or pre-answer motion to dismiss" (see US Bank N.A. v Blake-Hovanec, 191 AD3d 821, 825; GMAC Mtge., LLC v Coombs, 191 AD3d 37).
"On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (Capital One, N.A. v Ludden, 192 AD3d 752, 753 [internal quotation marks omitted]; see Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d 79, 89). Here, in support of his motion to dismiss, the defendant failed to submit any evidence, and thus, failed to meet his burden to establish the plaintiff's lack of standing as a matter of law (see Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 60). Thus, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him based on lack of standing.
However, the Supreme Court should have granted that branch of the defendant's motion which was for leave to amend his answer to assert the affirmative defense of lack of standing. "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (U.S. Bank N.A. v Singer, 192 AD3d 1182, 1185 [internal quotation marks omitted; see CPLR 3025[b]). The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion (see U.S. Bank N.A. v Singer, 192 AD3d at 1185; GMAC Mtge., LLC v Coombs, 191 AD3d 37, 49). Here, the plaintiff failed to demonstrate prejudice or surprise, or that the proposed amendment was palpably insufficient or patently devoid of merit, because the plaintiff failed to establish that it was the holder of the note, which contained an endorsement in blank by the plaintiff, at the time the action was commenced (cf. U.S. Bank Trust, N.A. v Carter, 164 AD3d 539, 541).
BARROS, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court