Deutsche Bank Natl. Trust Co. v Groder (2023 NY Slip Op 03768)

Deutsche Bank Natl. Trust Co. v Groder

2023 NY Slip Op 03768

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2020-02320 
 (Index No. 2588/15)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Rosemary Groder, appellant, et al., defendant.

Charles R. Cuneo, P.C., Huntington, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret S. Stefandl of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rosemary Groder appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (David P. Sullivan, J.), entered September 22, 2022. The order and judgment of foreclosure and sale, upon an order of the same court (Thomas A. Adams, J.) entered September 5, 2017, inter alia, denying the cross-motion of the defendant Rosemary Groder pursuant to CPLR 3025(b) for leave to amend her answer to assert the affirmative defenses of lack of personal jurisdiction due to improper service of process and, in effect, lack of standing, upon an order of the same court (Thomas A. Adams, J.) entered September 16, 2019, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Rosemary Groder, to strike that defendant's answer, and for an order of reference, and upon an order of the same court (Thomas A. Adams, J.) also entered September 16, 2019, inter alia, granting the same relief to the plaintiff and appointing a referee to compute the amount due to the plaintiff, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the real property at issue.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the cross-motion of the defendant Rosemary Groder pursuant to CPLR 3025(b) for leave to amend her answer to assert the affirmative defenses of lack of personal jurisdiction due to improper service of process and, in effect, lack of standing is granted, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Rosemary Groder, to strike that defendant's answer, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the order entered September 5, 2017, and the orders entered September 16, 2019, are modified accordingly.
In March 2015, the plaintiff commenced this action against, among others, the defendant Rosemary Groder (hereinafter the defendant) to foreclose a mortgage encumbering real property located in Nassau County. The defendant interposed an answer but did not assert lack of standing or lack of personal jurisdiction as affirmative defenses. Thereafter, the plaintiff moved, [*2]inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant opposed the motion and cross-moved pursuant to CPLR 3025(b) for leave to amend her answer to assert the affirmative defenses of lack of personal jurisdiction due to improper service of process and, in effect, lack of standing. By order entered September 5, 2017, the Supreme Court, inter alia, denied the defendant's cross-motion. Thereafter, in two orders entered September 16, 2019, the court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. An order and judgment of foreclosure and sale was entered on September 22, 2022, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirming the referee's report, and directing the sale of the property. The defendant appeals.
The appeal from the order and judgment of foreclosure and sale brings up for review the order entered September 5, 2017, and the two orders entered September 16, 2019 (see CPLR 5501[a][1]; Deutsche Bank Natl. Trust Co. v Higgs, 189 AD3d 1358, 1359).
Contrary to the plaintiff's contention, the defendant's failure to assert the affirmative defense of lack of standing in her answer does not bar her from asserting it in the action. RPAPL 1302-a (as added by L 2019, ch 739, § 1 [eff Dec. 23, 2019]) provides that, notwithstanding the provisions of CPLR 3211(e), "any objection or defense based on the plaintiff's lack of standing in a foreclosure proceeding related to a home loan, as defined in [RPAPL 1304(6)(a)], shall not be waived if a defendant fails to raise the objection or defense in a responsive pleading or pre-answer motion to dismiss." "'The general rule holds that an appellate court must apply the law as it exists at the time of its decision'" (GMAC Mtge., LLC v Coombs, 191 AD3d 37, 49, quoting Matter of Gardiner v Lo Grande, 83 AD2d 614, 615). Accordingly, RPAPL 1302-a may be considered in connection with the present appeal, even though that statute had not been enacted at the time the relevant orders in this action were decided by the Supreme Court (see GMAC Mtge., LLC v Coombs, 191 AD3d at 49). Under the circumstances of this case, that branch of the defendant's cross-motion which was, in effect, pursuant to CPLR 3025(b) for leave to amend her answer to assert the affirmative defense of lack of standing (see US Bank N.A. v Blake-Hovanec, 191 AD3d 821, 825; GMAC Mtge., LLC v Coombs, 191 AD3d at 47-50) should have been granted.
Likewise, that branch of the defendant's cross-motion which was pursuant to CPLR 3025(b) for leave to amend her answer to assert the affirmative defense of lack of personal jurisdiction should have been granted. Although the defendant did not assert lack of personal jurisdiction in her answer and thereby waived this defense under CPLR 3211(e), such a defense can nevertheless be interposed in an answer amended by leave of court pursuant to CPLR 3025(b) (see Citimortgage, Inc. v Rogers, 203 AD3d 1125, 1126; Deutsche Bank Trust Co. Ams. v Cox, 110 AD3d 760, 762). "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (U.S. Bank N.A. v Singer, 192 AD3d 1182, 1185 [internal quotation marks omitted]; see CPLR 3025[b]; Citimortgage, Inc. v Rogers, 203 AD3d at 1126). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Citimortgage, Inc. v Rogers, 203 AD3d at 1126). Despite the plaintiff's contention that it was prejudiced by the lateness of the defendant's cross-motion, "'[m]ere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine'" (Deutsche Bank Natl. Trust Co. v Kreitzer, 203 AD3d 800, 803, quoting U.S. Bank, N.A. v Sharif, 89 AD3d 723, 724; see Cirillo v Lang, 206 AD3d 611, 612). The plaintiff failed to show that granting that branch of the cross-motion would cause it to be "'hindered in the preparation of [its] case or [to be] prevented from taking some measure in support of [its] position'" (Cirillo v Lang, 206 AD3d at 612, quoting Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411).
"'CPLR 3212(b) requires the proponent of a motion for summary judgment to demonstrate the absence of genuine issues of material fact on every relevant issue raised by the [*3]pleadings, including any affirmative defenses'" (GMAC Mtge., LLC v Coombs, 191 AD3d at 50, quoting Stone v Continental Ins. Co., 234 AD2d 282, 284). "Accordingly, where, as here, a court deems the defendant's answer amended to include the affirmative defense of lack of standing in opposition to a plaintiff's motion for summary judgment, a plaintiff must establish its standing in order to be entitled to summary judgment on the complaint" (GMAC Mtge., LLC v Coombs, 191 AD3d at 50; see CPLR 3212[b]; US Bank N.A. v Blake-Hovanec, 191 AD3d at 825). Since there are triable issues of fact as to the plaintiff's standing to commence this action, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference should have been denied (see US Bank N.A. v Blake-Hovanec, 191 AD3d at 825).
DUFFY, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court