American Express Natl. Bank v Kokolli (2024 NY Slip Op 24327)

[*1]

American Express Natl. Bank v Kokolli

2024 NY Slip Op 24327

Decided on December 24, 2024

Civil Court Of The City Of New York, Bronx County

Shkreli, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on December 24, 2024
Civil Court of the City of New York, Bronx County

American Express National Bank, Plaintiff,

against
Arta Kokolli, Defendant.

Index No. CV-12361-23/BX

Plaintiff American Express National Bank, by Zwicker & Associates, P.C.
Defendant Arta Kokolli, self-represented/pro se but assisted by NYLAG and CLARO

Edit Shkreli, J.

The following papers numbered 1 to 14 were read on this Notice of Motion filed by Plaintiff seeking to amend her Answer.
No on Calendar of                                        PAPERS NUMBERED
Notice of Motion-Order to Show Cause - Exhibits and Affirmation Annexed 1- 8
Answering Affidavit, Cross-Motion, and Exhibits- (Oral Argument and Exhibit) 9 -13
Replying Affidavit and Exhibits 14
Other: Memorandum of Law
Upon the foregoing cited papers, the Decision and Order on Defendant's Notice of Motion is as follows:
Defendant moves (1) pursuant to CPLR 3025(b) seeking to amend her Answer to assert a lack of personal jurisdiction defense, and (2) pursuant to CPLR 3211(a)(8) for an order dismissing Plaintiff's action. Plaintiff opposes Defendant's application. The Court determines Plaintiff's application as follows.
Motion to Amend
Defendant seeks leave to amend her Answer pursuant to CPLR 3025(b) to assert lack of personal jurisdiction defense. Defendant avers that she did not reside at 2064 Barnes Avenue, Apt. 6H, Bronx, New York 10462 on November 6, 2023 when Plaintiff contends to have served her with the Summons and Complaint in this action. Defendant contends that she has not lived [*2]at that address since May 2022 when she moved to Tuckahoe, New York. In support, Defendant annexes a copy of her New York State Driver License issued in 2022 listing her address as 40 Maynard Street, Apt. 4, Tuckahoe, New York 10707 (Exhibit C). Defendant asserts that she does not know who rented the apartment in the Bronx after she moved to Tuckahoe. She indicates that she became aware of the instant action when the United States Postal Office forwarded the mail addressed to her former address to her current address in Tuckahoe, New York. Defendant states that she promptly filed an Answer on January 29, 2024 asserting only a statute of limitations defense.
Plaintiff vehemently opposes Defendant's application arguing that Defendant's proposed Amended Answer would cause Plaintiff undue prejudice. Plaintiff emphasizes that Defendant's proposed Amended Answer is predicated on entirely different theories of defense. Plaintiff notes that Defendant's Amended Answer contains entirely new defenses and omits the sole affirmative defense, to wit the statute of limitations defense, Defendant asserted in her original Answer dated January 29, 2024. Plaintiff further emphasizes that Defendant files the instant application four months after she appeared with the assistance of counsel on April 29, 2024 and seven months after filing her original Answer on January 29, 2024. Plaintiff complains that instead of complying with the Discovery Order dated April 29, 2024, which required Defendant to provide Plaintiff with any documents pertaining to her defense, Defendant filed the instant application seeking to assert new defenses and theories. Plaintiff insists that this is prejudicial. Plaintiff asserts that Defendant's newly proposed defenses were available to be checked on the Answer which Defendant completed. Plaintiff argues that Defendant made a "conscious choice not to select those sections on the answer form". Plaintiff contends that allowing Defendant to change her entire defense theory at this stage in the litigation, after Defendant has received all discoverable material from Plaintiff, "would serve no purpose but needlessly to complicate discovery and trial." Plaintiff suggests that granting Defendant leave to amend her Answer would result in Plaintiff having no discovery from the Defendant and what she intends to rely on at trial. Plaintiff states that in receiving its discovery in accordance with the Discovery Order, Defendant had the benefit of Plaintiff's theories of recovery and the evidence it intends to use at trial while Plaintiff was left in "the dark".
Plaintiff also argues that Defendant waived her personal jurisdiction defense based upon her failure to assert such defense in her original Answer dated January 29, 2024 pursuant to CPLR 3211(e). Relying on CPLR 320(b) and Countrywide Home Loans Servicing, LP v Albert, Plaintiff insists that by appearing on April 29, 2024, Defendant waived her personal jurisdiction defense unless an objection to jurisdiction is asserted in either a motion or answer (78 AD3d 983 [2d Dept 2010]). Plaintiff also cites to Gager v White, 53 NY2d 475 (1981) in support of its argument. Plaintiff asserts that given Defendant's failure to assert such jurisdictional defense in her original Answer or a motion prior to April 29, 2024, Defendant waived her personal jurisdiction defense. Plaintiff contends that Defendant did not raise a jurisdiction defense at the time of the April 29, 2024 appearance and consented to this Court's jurisdiction "in sufficient manner to allow the Court to issue a discovery order." 
It is well-settled that "[l]eave to amend pleadings is freely granted, 'unless the proposed amendment is palpably insufficient or patently devoid of merit'" (see Risk Control Associates Ins. Group v Maloof, Lebowitz, Connahan & Oleske, P.C., 127 AD3d 500 [1st Dept 2015]), or there is a showing of prejudice (see Leslie v Hymes, 60 AD2d 564 [1st Dept 1977]). However, it is the party opposing the application which "'has the burden of establishing prejudice, which [*3]requires a showing that the party has been hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position'" (Lomeli v Falkirk Mgt. Corp., 179 AD3d 664 [2d Dept 2020], quoting Redd v Village of Freeport, 150 AD3d 780 [2d Dept 2017]).
The crux of the issue is whether the Defendant may amend her Answer by leave of court to include a defense of lack of personal jurisdiction. CPLR 3211(e) provides, in pertinent part, that a challenge to personal jurisdiction is deemed waived unless raised in either in a pre-answer motion pursuant to CPLR 3211(a)(8) or asserted in an answer. Generally, a defendant who failed to assert a personal jurisdiction defense in the answer could add it "by an amendment as of right . . . consistent with CPLR 3211(e)" and in accordance with "the purpose of CPLR 3215(a)" (see Iacovangelo v Shepherd, 5 NY3d 184 [2005]). Where the time to amend the answer as of right pursuant to CPLR 3215(a) has passed, a court may nevertheless permit a defendant to amend the answer to include defenses deemed waived under CPLR 3211(e) (see Deutsche Bank National Trust Co. v Groder, 218 AD3d 542 [2d Dept 2023]) provided that such amendment does not cause the other party prejudice or surprise resulting directly from the delay and is not palpably insufficient or patently devoid of merit prejudice. "Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine" (Deutsche Bank National Trust Co., 218 AD3d 542, quoting U.S. Bank, N.A. v Sharif, 89 AD3d 723 [2d Dept 2011]). However, Senate Bill S153, a bill introduced in the New York State Senate and signed into law on November 8, 2021, amended CPLR 3211(e) in relevant part, providing as follows:
An objection based upon a ground specified in paragraph eight or nine of subdivision (a) of this rule is waived if a party moves on any of the grounds set forth in subdivision (a) of this rule without raising such objection or if, having made no objection under subdivision (a) of this rule, he or she does not raise such objection in the responsive pleading which, in any action to collect a debt arising out of a consumer credit transaction where a consumer is defendant, includes any amended responsive pleading. In the instant matter, the Court finds that Defendant did not waive her personal jurisdiction defense when she failed to assert same in her original Answer dated January 29, 2024. The plain language of CPLR 3211(e), as amended pursuant to Senate Bill S153 signed into law on November 8, 2021, expressly provides that a consumer, who is a named defendant in an action to collect a debt, may amend the responsive pleading to add a defense on the ground specified in paragraph eight of CPLR 3211(a), to wit lack of personal jurisdiction. 
The Court finds that Plaintiff has failed to sustain its burden of establishing prejudice. Plaintiff alleges prejudice on the basis that Defendant waited seven months after filing her original Answer and four months after appearing for the April 29, 2024 pretrial conference with the assistance of an attorney to file the instant application. As previously noted, "[m]ere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine" (Deutsche Bank National Trust Co., 218 AD3d 542, quoting U.S. Bank, N.A. v Sharif, 89 AD3d 723 [2d Dept 2011]). Furthermore, the First Department has expressly held that even a lengthy delay in moving pursuant to CPLR 3025(b) is immaterial where "the litigation was still in the pretrial stage" (Leslie v Hymes, 60 AD2d 564 [1st Dept 1977]). The Court notes that the parties have only appeared on April 29, 2024 for a pretrial conference, and on September 25, 2024 on the return date of the instant [*4]Notice of Motion. Additionally, the parties provide conflicting statements as to whether Plaintiff has complied with the Discovery Order. The Court notes that the Discovery Order directed Plaintiff to provide Defendant with discovery on or before August 1, 2024, and Defendant filed the instant Notice of Motion on August 15, 2024 denying receipt of Plaintiff's discovery. As such, the Court finds Plaintiff's contentions that it is prejudiced because it served Defendant with its discovery, and Defendant has the benefit of Plaintiff's theories of recovery and the evidence it intends to use at trial while Plaintiff was left in "the dark" without merit. 
Based upon the foregoing, Defendant's application seeking to amend her Answer pursuant to CPLR 3025(b) is hereby granted in its entirety. Defendant's "Verified Proposed Amended Answer" annexed to her Notice of Motion is hereby deemed served and filed nunc pro tunc. 
Motion to Dismiss
Defendant moves pursuant to CPLR 3211(a)(8) to dismiss Plaintiff's action based upon lack of personal jurisdiction. Defendant argues that CPLR 308 requires that substitute service be effectuated by serving the summons and complaint at a defendant's actual dwelling place or usual place of abode". Defendant insists that she did not reside at 2064 Barnes Avenue, Apt. 6H, Bronx, New York 10462 on November 6, 2023 when Plaintiff contends to have served her with the Summons and Complaint in this action. Defendant contends that she has not lived at that address since May 2022 when she moved to Tuckahoe, New York. In support, Defendant annexes a copy of her New York State Driver License issued in 2022 listing her address as 40 Maynard Street, Apt. 4, Tuckahoe, New York 10707 (Exhibit C).
Plaintiff argues that service of the Summons and Complaint was completed upon the Defendant when they were left with her co-resident on November 6, 2023. Plaintiff asserts that its process server's affidavit of service constitutes prima facie evidence of valid service. Plaintiff insists that by appearing on April 29, 2024 with the assistance of a volunteer attorney, failing to raise the defense of personal jurisdiction during that appearance, and continuing the litigation without raising the issue of service until after gaining the benefit of this Court's jurisdiction, the Defendant has waived the defense of improper service pursuant to CPLR 320. 
It is well-settled that "[w]hen a motion is made to dismiss an action for lack of personal jurisdiction, the plaintiff bears the ultimate burden of proving a basis for such jurisdiction over a defendant" (see Carrs v Avco Corp., 124 AD3d 710 [2d Dept 2015]). However, to defeat a motion to dismiss pursuant to CPLR 3211(a)(8), a plaintiff need only establish prima facie that the defendant was subject to personal jurisdiction of the court (see Carrs v Avco Corp., 124 AD3d 710 [2d Dept 2015]).
Initially, the Court finds Plaintiff's argument that Defendant waived her defense of personal jurisdiction when she appeared by counsel on April 29, 2024 and failed to assert a personal jurisdiction defense unavailing. It is well-settled that "[t]he filing of a notice of appearance by counsel on defendant's behalf, after the time to answer had expired, and without making any objection to personal jurisdiction, waived defendant's challenge to such jurisdiction" (see Capital One Bank, N.A. v Faracco, 149 AD3d 590 [1st Dept 2017]). Here, Defendant filed her Answer on January 29, 2024 as a self-represented litigant, and not with the assistance of counsel. The Court notes that there is no notice of appearance filed by an attorney for the Defendant in the instant action. The Court further finds that Defendant's appearance on April 29, 2024 does not serve to waive her right to assert a personal jurisdiction defense since the amendment to CPLR 3211(e) discussed above. To constitute Defendant's appearance on April 29, 2024 as a waiver of her defense of personal jurisdiction would be contrary to the legislative history of Senate Bill [*5]S153 which amended CPLR 3211(a)(8). 
In the instant matter, the Court denies Defendant's application to dismiss Plaintiff's action based upon improper service. Defendant asserts that she resided at 40 Maynard Street, Apt. 4, Tuckahoe, New York 10707 when Plaintiff allegedly served her with process on November 6, 2023. She indicates that she became aware of the instant action when the United States Postal Office forwarded the mail addressed to her former address to her current address in Tuckahoe, New York. Defendant states that she promptly filed an Answer on January 29, 2024 asserting only a statute of limitations defense. However, in her Answer dated January 29, 2024, she reports her address as 2130 Williamsbridge Road, Apt. 7B, Bronx, New York 10461, not 40 Maynard Street, Apt. 4, Tuckahoe, New York 10707. Defendant fails to explain this discrepancy in her moving papers. Based upon the foregoing, Defendant's application seeking to dismiss Plaintiff's action pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction is denied without prejudice. 
In light of the foregoing, it is hereby 
ORDERED AND ADJUDGED that Defendant's application seeking to amend her answer pursuant to CPLR 3025(b) is hereby granted in accordance with the Court's findings hereinabove; and it is further
ORDERED AND ADJUDGED that Defendant's "Verified Proposed Amended Answer" annexed to her Notice of Motion is hereby deemed served and filed nunc pro tunc; and it is further
ORDERED AND ADJUDGED that Defendant's application seeking to dismiss Plaintiff's action pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction is hereby denied without prejudice in accordance with the Court's findings hereinabove. 
The foregoing shall constitute the decision and order of the Court.
Dated: December 24, 2024
Hon. Edit Shkreli, J.C.C.