Evans v Evans (2025 NY Slip Op 50531(U))

[*1]

Evans v Evans

2025 NY Slip Op 50531(U)

Decided on April 14, 2025

Civil Court Of The City Of New York, Queens County

Schiff, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 14, 2025
Civil Court of the City of New York, Queens County

Dorothy Doroline Evans, AS TRUSTEE OF 
 MATTE J. EVANS IRREVOCABLE LIVING TRUST, Petitioner-Landlord,

against
Larry Shaun Evans, Respondent.

Index No. L&T 321833-23

Attorneys for Petitioner: Philip Zelinger, Esq.
Attorneys for Respondent: The Legal Aid Society

Logan J. Schiff, J.

Petitioner commenced this termination of a month-to-month tenancy holdover upon filing the Petition on December 26, 2023. On June 14, 2024, Respondent filed a pre-answer motion to dismiss based of alleged defects in the predicate 90-day notice of termination. That motion was denied by decision dated September 9, 2024, and the matter was transferred to Part X for trial. Respondent subsequently interposed an answer with counterclaims for breach of the statutory warranty of habitability, harassment, and legal fees on September 30, 2024. The answer also included a personal jurisdiction affirmative defense. Following scheduling delays caused in part by Petitioner's medical issues and temporary convalescence in a nursing home, the court conducted a trial on April 10, 2024.
THE TRIAL
As an initial matter, Respondent consented to this court's jurisdiction and waived any personal jurisdiction defense by making a pre-answer motion to dismiss that did not challenge personal jurisdiction (see CPLR 3211(e); GMAC v Coombs, 191 AD3d 37 [2d Dept 2020]; Addesso v Shembtov, 70 NY2d 689 [1987]), and separately by interposing the unrelated counterclaim of harassment (see Halberstam v Kramer, 39 Misc 3d 126 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; ROL Realty Co. LLC v. Gordon, 29 Misc 3d 139 [App Term, 1st Dept 2010]).
The court notes that Respondent's counsel credibly asserts that he was informed at the pre-trial conference by Judge Vijay Kitson, the prior judge presiding over the part, that this proceeding was scheduled for "traverse and trial." Respondent's counsel is of the belief that this directive necessitated the testimony of a process server and sought dismissal without prejudice when the server did not appear. However, the undersigned interprets Judge Kitson's statement as merely describing Respondent's answer as containing a personal jurisdiction defense, rather than constituting a formal ruling on the merits of the defense. A party who wants assurances of a [*2]traverse hearing should so move prior to trial.[FN1]
Nor was Judge Kitson's statement to the parties the type of judicial determination that would bind this court under the law of the case doctrine (see Vitality Chiropractic, P.C. v New York Cent. Mut. Fire Ins. Co., 17 Misc 3d 34 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]).
Each party called one witness at the trial. First, Petitioner testified and established that she is the owner of the premises by virtue of a deed filed on Acris. Upon Petitioner's authentication of the termination notice, which she signed, the court took judicial notice of and admitted into evidence the Petition, Notice of Petition, the 90-day notice attached thereto (NYSCEF 1), and the affidavits of service for these documents. Petitioner testified that Respondent is her nephew; that she lives on the first floor of the home; that she let him move into the second floor of this two-family home in July 2022; that he approached her and said he had nowhere to live and needed a place, and that she told him the second floor of her apartment was empty and he could live there; that she gave him the keys; that she does not have a copy of the keys and cannot access his apartment; that when he moved in she asked him to pay $500 a month as rent and to pay the light bill for the home as a condition of his tenancy; that the agreement was never reduced to writing because it was her nephew; that he paid her the rent for July and August 2022 but ceased making payments thereafter; that she is 65 years old, lives on a fixed income and receives only Social Security Disability; that he has not paid the light bill, and because of her limited income she received a final Con Edison electrical shut-off notice in March 2025 for her first-floor apartment with a deadline of April 2025 and is also facing a gas shut-off; that she avoided the electrical shut-off by working out a payment plan; that she wants her nephew to leave because he will not pay anything even for the lights; that he lived there as a child; and that she inherited the property from her mother.
Respondent testified that he moved into the subject apartment in July 2022; that it was [*3]his childhood home; that he has lived there on and off since he was age 11; that his parents used to live there too; that he approached Petitioner asking to move in when he had nowhere else to go but did not expect to pay any rent because she is his aunt; that there was never a rental agreement; that he paid Petitioner some money in cash for July and August 2022, but that he did not consider it rent, rather it was more in the nature of a voluntary household contribution; that he did not make any payments after that; that he never signed a lease; and that there was a hot water shut-off from September to November 2024.
In rebuttal Petitioner testified that the hot water shut-off was caused by a gas leak in Respondent's apartment; that he would not provide access on September 9, 2024, the day of the shut-off and instead came to court to argue his motion to dismiss; and that she took care of it as soon as possible once she secured access.
CONCLUSION
The only factual and legal question ultimately in dispute is whether Respondent is a tenant or, as his counsel suggests, a licensee. The predicate termination notice purported to revoke and terminate Respondent's month-to-month tenancy and, assuming he was a tenant, afforded him the requisite 90 days' notice required by RPL 232-a.[FN2]
Petitioner is bound by the theory articulated in the predicate notice (see Singh v Ramirez, 872 NYS2d 693 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; Bray Realty, LLC v Pilaj, 59 Misc 3d 130(A) [App Term, 2d Dept, 2d, 11th & 13th Jud Dists, 2018]), and must prove every element of her case in order to prevail in a special proceeding (1646 Union v Simpson, 62 Misc 3d 142 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Inasmuch as Respondent alleges that he is not a tenant but a licensee, such a fact, if established, would require dismissal of this proceeding for failure to prove the necessary facts, even though the 10-day notice to quit required for the revocation of a license affords the occupant less time to vacate than an RPL 232-a notice for termination of a month-to-month tenancy (see RPAPL 713(7); Pugliese v Pugliese, 37 NYS3d 208 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Upon due deliberation, the court finds that Petitioner met her burden of proving the existence of a month-to-month tenancy via an oral agreement, which was properly terminated by virtue of the predicate notice. One of the hallmarks of a tenancy as opposed to a license is "exclusive possession and control over a specifically identified portion of the premises, which is essential to the existence of the landlord-tenant relationship" (Rucks v Sunderland, 27 Misc 3d 133[A] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; see also 130-50 228th, LLC v Moseley, 181 NYS3d 817 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]); Union Sq. Park Community Coalition, Inc. v New York City Dept. of Parks & Recreation, 22 NY3d 648 [2014] [It is the "[c]onveyance of absolute control and possession of property at an agreed rental which differentiates a lease from other arrangements dealing with property rights."] [internal quotation and citation omitted]). Here, it was not disputed by either party that Respondent was afforded exclusive control and occupancy of the second-floor unit. Petitioner's unrebutted [*4]testimony was that she gave Respondent the sole copy of the keys to the apartment, which he has resided in alone since July 2022. Moreover, Respondent conceded to making at least two cash payments to Petitioner in the first two months of his occupancy. Although Respondent testified he did not consider these payments to be rent, the court ultimately finds Petitioner's testimony and characterization of the arrangement as an oral month-to-month agreement to be more credible. Finally, the court notes that Respondent has been in exclusive possession of the premises for an extended period of time and is therefore not readily characterized as a licensee (see Herbert v Maranga, 65 Misc 3d 141 [App Term, 1st Dept 2019]; Hok Kwan Chu v Lee, 972 NYS2d 143 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Rodriguez v Greco, 31 Misc 3d 136 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). Nor is there any bar to the eviction of a family member where a tenancy is created (see John v John, 81 Misc 3d 129 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]).
Accordingly, Petitioner is awarded a final judgment of possession after trial.[FN3]
The warrant shall issue forthwith with execution stayed through May 31, 2025, for Respondent to vacate. The earliest eviction date is June 1, 2025. As a decision after trial is intended to be a final determination of the parties' rights and remedies, Respondent is advised that no further stays will be afforded barring exceptional circumstances.
Respondent's counterclaims are dismissed after trial for failure to prove the elements of each claim.
This constitutes the decision and order of the court.
Dated: April 14, 2025
Queens, New York
Hon. Logan J. Schiff, J.H.C.

Footnotes

Footnote 1:This is the best practice insofar as a personal jurisdiction is a threshold issue, which must be resolved before any other dispositive relief (see 115 Essex St., LLC v Tenth Ward, LLC, 227 AD3d 640[2d Dept 2024]; Elm Mgt. Corp. v Sprung, 33AD3d 753 [2d Dept 2006]). The failure to seek clarity on the bona fides of a personal jurisdiction defense prior to trial has downsides for both sides. For the respondent, there is no guarantee the court will require a traverse hearing. Where an answer is not sufficiently detailed to rebut the process server's affidavit of service, the court has the power to allow petitioner to rely on the affidavit at trial for its initial proof (see City of New York v Jones, 1992 NY Misc LEXIS 706 [App Term, 2d Dept, 2d & 11th Jud Dists 1992]; 349 E. 49th St. Equities v Vought, [App Term, 1st Dept 1982]). For the petitioner in this scenario there is still no certainty it will not ultimately need to call the process server to testify. Where a petitioner fails to move to dismiss the defense of lack of personal jurisdiction prior to trial, the respondent may move to amend her pleadings to amplify the defense (see Stein v Jeff's Express, Inc., 37 Misc 94 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Deutsche Bank Natl. Trust Co. v Groder, 218 AD3d 542 [2d Dept 2023]). Such amendment could in theory be effectuated at trial by specific testimony refuting the affidavit of service in order to conform the pleadings to the proof (see Kimso Apts. LLC v Gandhi, 24 NY3d 403, 411 [2014]), shifting the burden back to petitioner to prove personal jurisdiction through live testimony, as the affidavit of service, while still admissible "would be outweighed by the testimony of a defendant denying service" (Rox Riv 83 Partners v Ettinger, 276 AD2d 782, 783 [2d Dept 2000]).

Footnote 2:To the extent the header of the notice also references the non-renewal of a "lease," the court finds this to be harmless surplusage that does not invalidate the notice or render it unreasonable under the attendant circumstances. The body of the notice makes clear this is the termination of a month-to-month tenancy.

Footnote 3:During the trial, Petitioner's counsel stated on the record that Petitioner was not seeking use and occupancy.