Deutsche Bank Natl. Trust Co. v Groder (2026 NY Slip Op 01767)

Deutsche Bank Natl. Trust Co. v Groder

2026 NY Slip Op 01767

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DONNA-MARIE E. GOLIA
SUSAN QUIRK, JJ.

2024-06662
 (Index No. 2588/15)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
vRosemary Groder, appellant, et al., defendants.

Charles R. Cuneo, P.C., Huntington, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Harold L. Kofman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rosemary Groder appeals from an order of the Supreme Court, Nassau County (Catherine Rizzo, J.), entered April 1, 2024. The order, insofar as appealed from, granted that branch of the plaintiff's cross-motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon that defendant, and denied, as academic, that defendant's motion for summary judgment dismissing the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2015, the plaintiff commenced this action against the defendant Rosemary Groder (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Nassau County. In her answer, the defendant did not allege that the plaintiff failed to obtain personal jurisdiction over her.
In June 2017, the defendant cross-moved, inter alia, pursuant to CPLR 3025(b) for leave to amend her answer to assert the affirmative defense of lack of personal jurisdiction due to improper service of process. In an order entered September 5, 2017, the Supreme Court, among other things, denied that branch of the defendant's cross-motion on the ground that the defendant had waived the defense by failing to include it in her answer.
An order and judgment of foreclosure and sale was entered on September 22, 2022. The defendant appealed, and, in a decision and order dated July 12, 2023, this Court reversed the order and judgment of foreclosure and sale, holding, inter alia, that the Supreme Court should have granted that branch the defendant's cross-motion which was pursuant to CPLR 3025(b) for leave to amend her answer to assert the affirmative defense of lack of personal jurisdiction due to improper service of process (see Deutsche Bank Natl. Trust Co. v Groder, 218 AD3d 542, 544-545).
In August 2023, the defendant interposed an amended answer, in which she asserted the affirmative defense of lack of personal jurisdiction, and also moved for summary judgment dismissing the complaint insofar as asserted against her for lack of personal jurisdiction. The [*2]plaintiff opposed the motion and cross-moved, among other things, pursuant to CPLR 306-b, to extend the time to serve the summons and complaint upon the defendant. In an order entered April 1, 2024, the Supreme Court, inter alia, granted that branch of the plaintiff's cross-motion and denied, as academic, the defendant's motion. The defendant appeals.
"Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant an extension of time within which to effect service for good cause shown or in the interest of justice" (Bhatara v Kolaj, 222 AD3d 926, 930 [internal quotation marks omitted]; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (Bhatara v Kolaj, 222 AD3d at 930 [internal quotation marks omitted]; see Hall v L & A Operational, LLC, 228 AD3d 846, 847). "The more flexible interest of justice standard accommodates late service that might be due to mistake, confusion, or oversight, so long as there is no prejudice to the defendant" (Bhatara v Kolaj, 222 AD3d at 930; see Rhoe v Reid, 240 AD3d 633, 637). "In considering the interest of justice standard, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to the defendant" (Bhatara v Kolaj, 222 AD3d at 930 [internal quotation marks omitted]; see Rhoe v Reid, 240 AD3d at 637). "The determination of whether to grant an extension of time in the interest of justice is within the discretion of the motion court" (Bhatara v Kolaj, 222 AD3d at 930; see Hall v L & A Operational, LLC, 228 AD3d at 847).
Here, the Supreme Court providently exercised its discretion in granting, in the interest of justice, that branch of the plaintiff's cross-motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant (see Hall v L & A Operational, LLC, 228 AD3d at 847; Bhatara v Kolaj, 222 AD3d at 930). The plaintiff established that the action was timely commenced and that the plaintiff reasonably believed that the defendant had waived the defense of lack of personal jurisdiction (see Hall v L & A Operational, LLC, 228 AD3d at 847; Bhatara v Kolaj, 222 AD3d at 930-931). Additionally, the plaintiff demonstrated a potentially meritorious cause of action and that there was no demonstrable prejudice to the defendant as a consequence of the delay in service (see Rhoe v Reid, 240 AD3d at 638; Hall v L & A Operational, LLC, 228 AD3d at 847).
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's cross-motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant, and properly denied, as academic, the defendant's motion for summary judgment dismissing the complaint insofar as asserted against her for lack of personal jurisdiction (see Hall v L & A Operational, LLC, 228 AD3d at 847; Bhatara v Kolaj, 222 AD3d at 930-931).
DUFFY, J.P., FORD, GOLIA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court